**MORLEY et al. v. HURST, Dist. Judge.**

**et al.**

No. 25341.   June 25, 1935.

Rehearing Denied Oct. 1, 1935.

Holly L. Anderson, Co. Atty., and Joe T. Dewberry, for petitioners.

Hagan & Gavin, for respondents.

BUSBY, J. This is an original proceeding instituted in this court by the petitioners, who constitute the board of equalization of Tulsa county, to obtain a writ of prohibition to prevent the defendant, Thurman S. Hurst, judge of the district court of Tulsa county, from proceeding further in cause

No. 57093 in the district court of that county. The court proceeding sought to be prevented is an appeal, or purported appeal, from an order of the board of equalization fixing the taxable value of certain real estate and improvements thereon. W. D. Barry, Jr., and others interested in the property are also made parties defendant in this action.

It is the theory of the plaintiff board of equalization that the district court is without jurisdiction to hear and determine the appeal. The jurisdiction of that court was challenged by a motion to dismiss filed therein before this proceeding was commenced. The motion was denied by the trial court.

It appears from the pleadings filed in this court that the property owners failed to make any return listing the property involved for taxation, and that the same was listed as of January 1, 1933, by the county assessor, who also fixed the value thereof. On June 5, 1933, W. D. Barry, Jr., et al. filed their protest before the board of equalization alleging, in substance, that the property was overvalued and seeking a reduction of the assessed valuation.

In connection with this protest several orders were made by the board of equalization, which, under our view of the case, need not be reviewed in detail. On July 1, 1933, the last order was made by the board reducing slightly the valuation as fixed by the county assessor. On August 10, 1933, the property owners filed notice of appeal to the district court, and thereafter a transcript was filed in the district court. By this proceeding the board of equalization now seeks to prevent that court from hearing and determining the appeal.

The plaintiff says, in substance, that the right of appeal to the district court, as well as the right of the board of equalization to entertain jurisdiction to reduce the assessment, or consider the propriety of a reduction thereof, is dependant upon the provisions of chapter 115, S. L. 1933. Section 7 of said act authorizes the board of equalization to correct unjust assessments "in any case where the county assessor or the county board of equalization shall increase the valuation of any property above the value returned by the taxpayer." It also authorizes the district court to review the decisions of the board of equalization on appeal, if notice of appeal is filed within ten days after the order complained of is made.

It is contended by the plaintiff that the specific language of this section of the act authorizes an appeal only in a case where the property owner has made a return and the value as therein listed has been increased by the county assessor, and that by necessary implication the statute precludes the possibility of a review by the board of equalization or the district court upon appeal therefrom in any case where the property owner has failed to list his property.

Assuming, without deciding, that the construction placed upon this section of the statute by the plaintiff is correct, the contention made does not entitle plaintiff to prevail in this action. Reference to the act discloses that it was approved on April 10, 1933, and that it carried with it the emergency clause making it immediately effective, except for certain purposes mentioned in section 14 of the act, with which we are not here concerned.

Prior to the enactment and effective date of chapter 115, supra, the remedy of the taxpayer was provided by section 12660, O. S. 1931, which allows a taxpayer under certain conditions to appear before and file with the board of equalization protests for alleged wrongful assessments and excessive valuation, and which section also authorizes the district court to review the action of the board of equalization on appeal.

As we understand the briefs of the parties in this case, it is conceded that the remedy provided by section 12660, O. S. 1931, before it was amended, was sufficiently broad to authorize the board of equalization of Tulsa county, and the district court on appeal therefrom, to review the assessment as made by the county assessor in this case, **even though the property owner had not made a return fixing the value of his property.** The property involved in this case was assessed by the assessor prior to the effective date of chapter 115, supra. If the construction placed upon section 7 of that chapter by the plaintiff in this action is correct, then the effect of the 1933 act was to abolish the remedy of the property owner in this case without substituting in lieu thereof any other appropriate remedy which would afford him relief.

In the case of In re Barry's Appeal, Barry et al. v. Board of Commissioners of Tulsa County, 173 Okla. 645, 49 P. (2d) 548, this court held that a taxpayer has a **right,** as distinguished from a **statutory privilege,** to expect and demand that his property be listed for taxation at no greater value than its fair

cash value, and that where, at the time property is listed and assessed, there is available to the taxpayer a statutory procedure by which that right may be protected, the Legislature is powerless, by virtue of the provisions of section 54 of art. 5 of the Constitution of Oklahoma to abolish the right without substituting in lieu thereof some other remedy by which the taxpayer might within a reasonable time protect the right. Thus it will be seen that even though the existing statutes as contained in chapter 115, supra, provided no remedy to the property owner in this case, the remedy available prior to the enactment of that statute is kept alive for the purpose of enabling taxpayers to complain of assessments made before the effective date of the 1933 act. The syllabus in that case is adopted as the syllabus in this case and our decision is controlled thereby.

It therefore follows that the board of equalization of Tulsa county, and the district court on appeal therefrom, was, and is, vested with jurisdiction to hear and determine the grievances of the property owner. There are other questions that have been briefed, but due to the view we take of this case, they need not be discussed. The writ of prohibition is denied, and the district court is directed to proceed with the hearing of the cause.

WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and RILEY, J., dissent.