Jana COWART, Administratrix of the Estate of Carol Jean Sasnett, deceased; Jana Cowart, Administratrix of the Estate of Carol Jean Sasnett, Deceased on behalf of James W. Sasnett, surviving spouse of Carol Jean Sasnett, deceased; and Jana Cowart, Administratrix of the Estate of Carol Jean Sasnett, deceased, on behalf of Sandra Will, Jana Cowart, Tim Simpson, Debbie Stienle, James Sasnett and Stephen Sasnett, children of Carol Jean Sasnett, deceased, Plaintiff,

v.

PIPER AIRCRAFT CORPORATION, a Pennsylvania corporation; Avco Lycoming, a subsidiary of Avco Corporation, a Delaware corporation; Avco Corporation, a Delaware corporation; Aero-Flite, Inc., an Oklahoma corporation; and William Hensley, a Louisiana citizen, Defendants.

No. 59673.

Supreme Court of Oklahoma.

June 7, 1983.

Larry Tawwater, Lampkin Wolfe McCaffrey & Tawwater, Oklahoma City, for plaintiff.

Russell B. Holloway, Holloway, Dobson, Hudson & Bachman, B.J. Cooper, Richard M. Healy and Thomas J. Morris III, The Law Offices of B.J. Cooper, Oklahoma City, Kevin H. Good, Christopher G. Gallavan, Strasburger & Price, Dallas, Tex., Burt Johnson and Chris Collins, Looney, Nichols, Johnson & Hayes, Oklahoma City, for defendants.

HARGRAVE, Justice.

In accordance with the Uniform Certification of Questions of Law Act, 20 O.S. 1981 § 1601, et seq., the United States District Court for the Western District has certified to this Court the following question:

Do a plaintiff's rights and remedies against a foreign corporation afforded by the Oklahoma Legislature under 18 O.S. § 1.204a when not utilized prior to the repeal thereof survive such repeal by virtue of Article 5 § 54 of the Constitution of the State of Oklahoma?

As far as relevant to the above question propounded, the facts giving rise to the question revolve around an airplane crash in New Mexico. The aircraft, manufactured by defendant Piper Aircraft in Florida (a foreign corporation), was also sold in Florida. Plaintiff's decedent was killed in this crash, which is alleged to have occurred because of the manufacturer's acts and omissions. The plaintiff, as administratrix of decedent, claims long-arm jurisdiction solely under the authority of 18 O.S.1971 § 1.204a.[1]

The aircraft crashed in New Mexico on August 5, 1978. The jurisdictional statute, 18 O.S.1971 § 1.204a, was repealed effective April 10, 1980. Thus the question for consideration here is posed inasmuch as this suit was filed September 10, 1981. The jurisdictional statute was in effect at the time of the fatal accident but had been repealed by the time suit was filed.

The parties presented briefs to the District Court of the Western District, and these briefs present plaintiff's argument for the resolution of this question. Plaintiff argues the disapproval of the provisions of 18 O.S.1971 § 1.204a allowing blind service upon the Secretary of State found in this Court's opinion, *ABC Drilling Co. v. Hughes Group,* 609 P.2d 763 (1980), did not invalidate the entire statute. The plaintiff's point is that the remaining provisions of the statute were operative, specifically the portion of § 1.204a which states: "where a cause of action 'has accrued' ". It is argued that this portion of the statute obtained and fixed jurisdiction in Oklahoma at the time the aircraft malfunctioned. The remaining step in plaintiff's brief is that Article 5, Section 54 of the Oklahoma Constitution prevents disturbance of that accrued right to Oklahoma jurisdiction over the cause of action. The constitutional Article 5 § 54[2] prevents revivor of a previously repealed statute by the repeal of the second statute, which is not material. The remaining portion of Section 54 does three things: Statutory repeal does not affect (1) an accrued right, (2) a penalty, (3) nor does repeal affect a proceeding begun by virtue of the repealed statute. Patently, the penalty provision is inapplicable here. Secondly, it is conceded that at the time of repeal there was no proceeding in progress for suit had not been filed. Lastly, the pivotal query is: does the repeal of a statute providing for jurisdiction of certain actions against nonresident corporations affect an accrued right in the sense used in the Oklahoma Constitution? The resolution of this issue requires examination of *Barry v. Board of County Commissioners of Tulsa County,* 173 Okl. 645, 49 P.2d 548 (1935), and *Morley v. Hurst,* 174 Okl. 2, 49 P.2d 546 (1935), which were followed in *In re Harrison,* 190 Okl.

---

1. § 1.204a. Rights and remedies against foreign corporations—Service—In all cases where a cause of action has accrued or shall accrue to any person by reason of a foreign corporation doing business in this state or having done business in this state or while a foreign corporation was doing business within this state and such foreign corporation has no registered agent in this state upon whom service of summons or other process may be had, an action may be filed against such foreign corporation in any county in the state and service of summons or other process may be had upon the Secretary of State, and such service shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject matter whether sitting in the county where the Secretary of State is served or anywhere in the state.

2. Article 5, Section 54 reads in full: "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceeding begun by virtue of such repealed statute.

585, 126 P.2d 80 (1942). In *Barry, supra,* a statute providing for jurisdiction residing in the Board of County Commissioners to correct ad valorem tax assessments[3] had been repealed sixty days prior to plaintiff's filing of an application with the Board of County Commissioners. In discussing whether Article 5 § 54 of the State Constitution had the effect of saving plaintiff's application, this Court noted a Vermont statute similar to our constitutional provision and approved of the following statement from *Harris v. Town of Townshend,* 56 Vt. 716: "... the repeal of an act shall not affect 'a right accruing, accrued, acquired, or established,' means a cause of action which has accrued at the time of the repeal, but does not require that suit shall have been commenced thereon at such time." The Court then stated plaintiff's right to proceed against the taxing officials accrued "the moment plaintiff's property was assessed." *Barry, supra,* 49 P.2d at 550. Although the proceeding had not been filed, this Court held the right had accrued and under the Oklahoma Constitution, Art. 5 § 54, that right was not affected by the repeal of the statute granting the Board of County Commissioners jurisdiction over excessive assessments of property tax. The present case is analogous for the statute considered here grants jurisdiction to the District Court over certain actions against foreign corporations, and as in *Barry,* the right to proceed accrued at the time the aircraft malfunctioned, which resulted in the death of plaintiff's decedent. Also, in both *Barry, supra,* and the present action, the relevant statute was repealed prior to an action being brought.

■ Defendants contend in substance that the jurisdiction statute is limited in its scope to actions filed before repeal. To limit the effect of Article 5 § 54 to actions filed would be error. Generally, the provisions of a Constitution are construed using the usual rules of statutory construction. *Sullivan v. Securities Investment Co. of St. Louis,* 508 P.2d 1077 (Okl.1972). It is not to be supposed that a Constitution contains excess verbiage without force and effect. Statutes, (and generally Constitutions) must be construed as a consistent whole in harmony with common sense and reason and every portion thereof should be given effect if possible. Similarly, construction of such provisions *in pari materia* with each other should be construed together with other statutes on the same subject as part of a coherent system. *Poafpybitty v. Skelly Oil Co.,* 394 P.2d 515 (Okl.1964). In this regard, we note in the Oklahoma Constitution, Article 5 § 52, which is quoted in full:

"§ 52. Revival of Rights or Remedies—Taking Away Cause of Action or Defense.

The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this State. *After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action or destroy any existing defense to such suit.*"

■ The construction offered by defendants would equate the italicized portion of § 52 with the portion of § 54 reading "... nor shall such repeal affect any accrued right...." Every provision of the Constitution and statutes of Oklahoma is presumed to have been intended for some useful purpose and that every provision should be given effect. *Okla. Nat. Gas Co. v. State ex rel. Vassar,* 187 Okl. 164, 101 P.2d 793 (1940), *Knapp v. State ex rel. Comm'rs of State Land Office,* 206 Okl. 363, 243 P.2d 660 (1952). To equate these two portions of the Constitution would transgress these basic tenets of statute and constitutional construction. It is presumed that each portion of the Constitution was intended to be operative and not surplus language.

■ Therefore, it is the opinion of the Oklahoma Supreme Court that the previous cases, *Barry, supra,* and *Morley, supra,* are correct in holding, as they do, that Constitutional Article 5 § 54 prohibits the repeal of an accrued right to bring an action from

**3.** § 12642 O.S.1931, which was repealed by Ch. 155 § 14 Session Laws of 1933.

and after the time the right exists.[4] As a general rule, the accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued and the statute of limitations begins to run. The true test is to ascertain the time when plaintiff could first have maintained his action. *Georgia v. O'Herion,* 176 Okl. 103, 54 P.2d 657 (1936). Thus the provision of the Oklahoma Constitution contained in Article 5 § 54 pertaining to an accrued right prohibits disturbing the existence of a cause of action from and after its inception, which is the first time plaintiff could have maintained his action.

CERTIFIED QUESTION ANSWERED.

SIMMS, V.C.J., and IRWIN, HODGES, LAVENDER, OPALA and WILSON, JJ., concur.

---

**4.** It is to be noted that the subject of this inquiry is a right of action, and not simply a procedural provision. *Roberts v. Merrill,* Okl., 386 P.2d 780, (785, 786) (1963).