Dear Honorable Floyd,
The Attorney General has received your request for an official opinion, asking:
 "Can the Form A approval requirement set forth at 36 O.S. 1651 (1981) et seq., be utilized to require an acquiring party (or Form A applicant) to increase the capital and surplus of the acquired insurer to the capital and surplus requirements set forth in the 1980 amendment although the domestic insurer being acquired is presently authorized to do business under the 1967 grandfather clause or the previous 1957 statute?"
Title 36 O.S. 1651 (1981) et seq., set forth the procedures and requirements to be utilized when an insurance company seeks acquisition, control of, or merger with another domestic insurance company. "Form A applicant" is the term given by the State Insurance Commission to the acquiring party.
Title 36 O.S. 610(A) (1981), establishes the capital funds or minimum surplus to be maintained by an insurance company in order to incorporate or transact any kind of insurance business in the State of Oklahoma. In 1980 the Legislature amended this statute, increasing the capital funds or minimum surplus that an insurance company needed to maintain. The pertinent statute in answering your question is 36 O.S. 610 (1981), which states:
 "B. Any domestic insurer lawfully authorized to transact the business of insurance in Oklahoma immediately prior to the effective date of this act shall not be required to increase its capital or surplus to meet increased requirements of this act, provided, however, that in no event shall such insurer reduce its capital or surplus below the figure required of insurers on January 1, 1979."
Title 36 O.S. 610(B) (1981) is a "grandfather clause," as referenced by your question, that exempts domestic insurance companies authorized to transact the business of insurance in Oklahoma immediately prior to the effective date of the 1980 amendment, which was October 1, 1980, from increasing their capital or surplus to meet the increased level under 36O.S. 610(A) (1981).
Your question is whether a domestic insurance company that seeks to acquire, control or merge with another domestic insurance company which was lawfully authorized to transact insurance business in Oklahoma prior to October 1, 1980, and covered by the "grandfather clause" of 36 O.S.610(B), would be subject to the increased capital and surplus level under the 1980 amendment to 36 O.S. 610(A) (1981).
The rule of statutory construction is to view statutes as a consistent whole in harmony with common sense and reason, if possible. Cowart v.Piper Aircraft Corp., 665 P.2d 315 (Okla. 1983). A harmonious reading of these statutes would indicate that a domestic insurance company would not be subject to the increased capital or surplus requirements of the 1980 amendment to 36 O.S. 610(A) (1981), if that insurance company acquires a domestic insurance company which was lawfully authorized to transact insurance business in Oklahoma prior to October 1, 1980, and covered by the "grandfather clause" of 36 O.S. 610(B) (1981). This statutory construction appears to be the Legislative intent of the 1980 amendment.
This opinion is distinguished from Attorney General Opinion No. 85-019 which discussed a situation where an insurance company acquired or merged with another insurance company and a totally separate new legal entity was incorporated, able to transact the business of insurance in the State of Oklahoma. This new legal entity would be required to meet the increased capital and surplus requirements of the 1980 amendment to 36O.S. 610(A) (1981).
It is, therefore, the official opinion of the Attorney General that adomestic insurance company (Form A applicant) that seeks to acquire,control or merge with another domestic insurance company which waslawfully authorized to transact the business of insurance prior toOctober 1, 1980, and falls within the framework of 36 O.S. 610(B)(1981), would not be subject to the increased capital or surplusrequirements of the 1980 amendment to 36 O.S. 610(A) (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL