Dear Honorable Widener,
The Attorney General has received your request for an official opinion asking, in effect:
 Do 63 O.S. 1-1301.1 et seq. (1981), known as the Oklahoma Grade A Milk and Milk Products Act, which authorize the State Board of Health to regulate Grade A milk and milk products, impermissibly conflict with Article VI, Section 31 of the Oklahoma Constitution, which provides that the State Board of Agriculture shall have jurisdiction over all matters affecting animal industry?
Your question concerns the provisions of the Oklahoma Grade A Milk and Milk Products Act (hereinafter the "Act"),63 O.S. 1-1301.1 et seq. (1981), as they relate to Article VI, Section 31 of the Oklahoma Constitution. 63 O.S. 1-1301.4 of the Act provides that:
 "A. The State Board of Health is hereby authorized and directed to enact reasonable rules and regulations governing the producing, transporting, processing, pasteurizing, handling, identity, sampling, examination, labeling, marking, shipping statements, optional ingredients, definition and the sanitary conditions for Grade A milk and milk products; the inspection and sanitary rating of dairy herds, dairy farms, milk haulers, dairy plants, and distribution centers engaged in the producing, hauling, processing and distributing of Grade A milk and milk products; the issuing, modifying, suspending and revoking of Grade A permits to producers, haulers, processors and distributors of Grade A milk and milk products, and the approval of facilities therefor and waste disposal therefrom."
63 O.S. 1-1301.5 vests the Commissioner of Health with the power and duty to administer and supervise the enforcement of the Act.
On the other hand, Article VI, Section 31 of the Oklahoma Constitution provides that:
 "A Board of Agriculture is hereby created to be composed of five members all of whom shall be farmers and shall be selected in the manner prescribed by law.
 "Said Board shall be maintained as a part of the State government, and shall have jurisdiction over all matters affecting animal industry and animal quarantine regulation, and shall be the Board of Regents of all State Agricultural and Mechanical Colleges, and shall discharge such other duties and receive such compensation as now is, or may hereafter be, provided by law."
By your question, you discern conflict between the constitutional provision cited above which gives the Board of Agriculture jurisdiction over "all matters affecting animal industry" and the legislative enactments cited earlier authorizing the Department of Health, and the Commissioner thereof, to regulate Grade A milk and milk products. It is upon this asserted conflict that we focus our analysis.
We begin our analysis with the well-recognized principle that a "legislative act is presumed to be constitutional and will be upheld unless it is clearly, palpably and plainly inconsistent with the Constitution." Reherman v. Ok. Water Resources Bd., 679 P.2d 1296, 1300
(Okla. 1984). Moreover,
 "While the law-making power of the Legislature is supreme within its proper sphere, that power may be restricted and limited by constitutional provisions. State ex rel. Grand Jury of McCurtain County v. Pate, Okla., 572 P.2d 226 (1977). Limitations on legislative authority may be implied as well as expressed in the Constitution. Grim v. Cordell, 197 Okla. 144, 169 P.2d 567
(1946). Every positive delegation of power by the Constitution to one officer or department of government implies a negation of its exercise by any other officer or department. Trapp v. Cook Const. Co., 24 Okla. 850, 105 P. 667 (1909)." Board of Regents of Univ. of Okla. v. Baker, 638 P.2d 464, 466
(Okla. 1981).
Constitutionally assured independence, however, cannot be equated with complete immunity from legislative regulation. Id. at 469. Additionally, "[i]f there is any doubt as to the Legislature's power to act in given a situation, the doubt should be resolved in favor of the validity of the action taken by the Legislature. Wiseman v. Boren, 545 P.2d 753, 761
(Okla. 1976).
Our obligation, when analyzing the statutes and constitutional provision above, is to construe them as a consistent whole in harmony with common sense and reason and every portion thereof should be given effect if possible. Cowart v. Piper Aircraft Corp., 665 P.2d 315, 317 (Okla. 1983). Moreover, "[e]very provision of the Constitution and statutes of Oklahoma is presumed to have been intended for some useful purpose and . . . every provision should be given effect." Cowart, supra, citing Okla.Nat. Gas Co. v. State ex rel. Vassar, 101 P.2d 793 (Okla. 1940); Knappv. State ex rel. Comm'rs of State Land Office, 243 P.2d 660 (Okla. 1952).
It offends neither common sense nor reason for the Legislature to have empowered the State Board of Health, and the Commissioner thereof, to regulate Grade A milk and milk products. Furthermore, it is not offensive to view this legislative empowerment as not impermissibly intruding into the Board of Agriculture's "jurisdiction over all matters affecting the animal industry." The Legislature recognized as much in 63 O.S.1-1301.14 of the Act which provides that:
 "[N]othing in this act shall be construed to limit, modify, repeal or affect in any way the powers, duties or functions of the State Board of Agriculture."
The ability of the Board of Agriculture and the Board of Health to co-exist in the field of milk and dairy products regulation has also been recognized by the Legislature in the Oklahoma Agricultural Code, 2 O.S.1-1 et seq (1981). Specifically, 63 O.S. 7-6(A)(8), which concerns the Dairy Division of the State Department of Agriculture, provides that "this section shall not apply to dairies producing milk under the provisions of Article 13, Title 63, Oklahoma Statutes." This provision of the law has existed since 1967, while 63 O.S. 1-1301.14 of the Act cited above has existed since 1968. See, 1967 Okla. Sess. Laws, c. 219 and 1968 Okla. Sess Laws, c. 78. Finally, in addition to the situation presently before us, we note that not all matters "affecting" animal industry are currently within the jurisdiction of the State Board of Agriculture. See, 2 O.S. 1250 et seq. (1985) (Oklahoma Beef Promotion Act); 2 O.S.1501 et seq. (1981) (Oklahoma Sheep and Wool Producers Act); 3A O.S. 200
et seq. (1985) (Oklahoma Horse Racing Act).
Upon the foregoing, we conclude that 63 O.S. 1-1301.1 et seq. (1981), and Article VI, Section 31 of the Oklahoma Constitution do not impermissibly conflict.
It is, therefore, the official opinion of the Attorney General that 63O.S. 1-1301.1 et seq. (1981), known as the Oklahoma Grade A Milk and MilkProducers Act, which authorizes the State Board of Health to regulateGrade A milk and milk products, does not impermissibly conflict withArticle VI, Section 31 of the Oklahoma Constitution which provides thatthe State Board of Agriculture shall have jurisdiction over all mattersaffecting animal industry.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
F. ANDREW FUGITT, ASSISTANT ATTORNEY GENERAL