Dear District Attorney, Robert H. Macy,
¶ 0 This office has received you letter asking for an official Opinion addressing, in effect, the following question:
If a county approves an exemption from ad valorem tax forhousehold goods of the heads of families and livestock employedin the support of families, is the "millage adjustment" factorprovided for at Article X, § 8A of the Oklahoma Constitution, bywhich the county compensates for the tax loss due to theexemption of household goods and livestock, applicable only inthe year the exemption becomes effective?
¶ 1 Under Article X, Section 6(b) of the Oklahoma Constitution, a county may vote to exempt "household goods of the heads of families" and "livestock employed in support of the family" from ad valorem taxation. Such an exemption reduces the taxable value of property within the jurisdiction. Where a taxing jurisdiction has a reduction of taxable value, without an increase in millage, a revenue loss occurs.[1] To compensate for lost revenue Section 8A(b) of Article X provides for a "millage adjustment." The adjustment formula provides a calculation whereby the millage is increased so that the taxable value remaining after the exemption produces the same amount of revenue as was generated prior to the exemption. Section 8A(b) provides in pertinent part:
 The adjusted millage rate for a general fund or building fund of each taxing jurisdiction located within a county which exempts household goods of the heads of families and livestock employed in support of the family from ad valorem taxation pursuant to the provisions of subsection (b) of Section 6 of this Article shall be computed, for each taxing jurisdiction, by dividing the net taxable valuation of all property for the year preceding the year in which the exemption of such property becomes effective by the difference between the net taxable valuation of all property for the year preceding the year in which the exemption of such property becomes effective and the net taxable valuation of the household goods of the heads of families and livestock employed in support of the family for the year preceding the year in which the exemption of such property becomes effective. The resulting quotient shall be the millage adjustment factor, and shall be multiplied by the millage rate which would otherwise have been applied for the year in which the exemption of such property becomes effective to derive the adjusted millage rate, which shall be levied against the net taxable valuation of all property, other than the exempt property, within the jurisdiction for the year in which the exemption of household goods of the heads of families and livestock employed in support of the family becomes effective; provided, such adjusted millage rate may be increased or decreased in the manner provided by the provisions of this Article.
Okla. Const. art. X, § 8A(b).
¶ 2 Essentially you have asked this office to determine if the Article X, Section 8A millage adjustment is limited to the year the exemption takes effect or is applicable in all years subsequent to the effective date of the exemption.
¶ 3 At the outset it must be noted that the provisions of the Constitution are construed using the usual rules of statutory construction and the Constitution must be construed in harmony with common sense and reason. Cowart v. Piper Aircraft Corp.,665 P.2d 315 (Okla. 1983).
¶ 4 Once enacted, the exemption of household goods and livestock would be effective until revoked. Therefore, the taxable value of household goods and livestock would be permanently removed from the tax base. Article X, Section 8A(a) of the Constitution provides guidance as to the application of the millage adjustment. Subsection (a) provides:
 If a county approves an exemption of household goods of the heads of families and livestock employed in support of the family from taxation pursuant to the provisions of subsection (b) of Section 6 of this article, the millage rate levied against the net taxable valuation of all property of each taxing jurisdiction located within such county levying ad valorem taxes for a general fund or a building fund shall be adjusted pursuant to the provisions of subsection (b) of this section to compensate for the potential loss of revenue to the taxing jurisdiction directly attributable to the exemption of all such property.
Okla. Const. art. X, § 8A(a).
¶ 5 Subsection (a) does not limit adjustment for loss of revenue to any specific year. The millage adjustment factor in subsection (b) of Section 8A is clearly intended to provide a formula to adjust millage to negate tax loss due to the exemption. It would be illogical to limit this adjustment to only the year the exemption becomes effective. The subsection (b) calculation, while stated in terms of the year in which the exemption becomes effective, is merely descriptive of the procedure by which millages are adjusted. Finally, subsection (c) of Section 8A provides for an increase in the maximum allowable millage and provides in pertinent part that:
 [T]he maximum allowable millage for any millage levied by any taxing jurisdiction located within such county for a general fund or a building fund, as prescribed by Sections 9, 9A, 9B, 9C, 9D, 10, 10A, 10B and 35 of this article or as otherwise authorized by Section 36 of Article V of the Oklahoma Constitution, shall be adjusted by multiplying such millage by the millage adjustment factor as specified in subsection (b) of this section. The resulting product shall be the adjusted maximum allowable millage for that particular millage levied by such taxing jurisdiction for a general fund or building fund.
Okla. Const. art. X, § 8A(c).
¶ 6 It is important to note that the subsection (c) "millage cap adjustment" is not limited to the year the exemption becomes effective. Taking the constitutional provision as a whole, as we must pursuant to the rules of statutory construction, it is clear that Article X, Section 8A of the Oklahoma Constitution at subsection (a) provides for a millage adjustment where a county has voted an Article X, Section 6(b) tax exemption. Subsection (b) of Section 8A provides the calculation method for the adjustment and provides for the year the exemption takes effect and the immediately preceding year to be the points of reference. Subsection (c) of Section 8A lifts the limits on allowable millage based upon the subsection (b) calculation. The subsection (c) maximum allowable millage is not limited to the year the exemption goes into effect.
¶ 7 It is clear that the policy underlying Article X, Section 8A is that a county will not have a revenue loss due to the exemption of household goods and livestock. A construction limiting the millage adjustment to the year the exemption becomes effective would have the effect of defeating this policy in years subsequent to the exemption's effective date. The more logical construction is that the millage adjustment is used in the year the exemption takes effect and in subsequent years.
¶ 8 Applying the normal rules of statutory construction and reading Article X, Section 8A as a consistent whole, it is clear that the millage adjustment and the maximum allowable millage are not limited to the year the exemption takes effect.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Where a county approves an exemption from ad valorem tax forhousehold goods of the heads of families and livestock employedin the support of families the millage adjustment factor providedfor at Article X, § 8A of the Oklahoma Constitution is applicablein the year the exemption becomes effective and in subsequentyears.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] Property taxes in Oklahoma are calculated using the following formula:
 Fair cash value × assessment ratio = assessed valuation — exemptions = taxable value × millage rate = taxes due.