Dear District Attorney Macy,
¶ 0 This office has received your letter requesting an official Attorney General Opinion addressing, in effect, the following questions:
1. If improvements are made to real property, does Article X,§ 8B of the Oklahoma Constitution require that the countyassessor reassess the real property as a whole to determine theincreased value for ad valorem tax purposes, if any, to theproperty?
 2. Article X, § 8C limits, for ad valorem tax purposes,increases on the fair cash value of homesteads which are owned bya person who is sixty-five (65) years of age or older and who hasan annual gross household income of Twenty-Five Thousand Dollars($25,000) or less. If such an owner ceases to qualify for thislimitation, is the fair cash value of the property subject to thefive percent (5%) increase limitation found in Article X, § 8B ofthe Oklahoma Constitution?
 I.
¶ 1 The basic rule of valuation for ad valorem taxation purposes is found in Article X, § 8 of the Oklahoma Constitution wherein it is provided that:
 Real property shall not be assessed for ad valorem taxation at a value less than eleven percent (11%) nor greater than thirteen and one-half percent (13.5%) of its fair cash value for the highest and best use for which such property was actually used, or was previously classified for use, during the calendar year next preceding the first day of January on which the assessment is made.
Okla. Const. art. X, § 8(A)(2).
¶ 2 This basic rule has been modified by Section 8B of ArticleX of the Oklahoma Constitution which was added pursuant to legislative referendum. Section 8B provides in pertinent part as follows:
 Despite any provision to the contrary, the fair cash value of any parcel of locally assessed real property shall not increase by more than five percent (5%) in any taxable year. The provisions of this section shall not apply in any year when title to the property is transferred, changed, or conveyed to another person or when improvements have been made to the property. If title to the property is transferred, changed, or conveyed to another person, the property shall be assessed for that year based on the fair cash value as set forth in Section 8 of Article X of this Constitution. If any improvements are made to the property, the increased value to the property as a result of the improvement shall be assessed for that year based on the fair cash value as set forth in Section 8 of Article X of this Constitution.
Okla. Const. art. X, § 8B (emphasis added).
¶ 3 Prior to the addition of Section 8B, property was valued at its fair cash value as of January 1. If property was improved and the value of the real property increased, the increase would be reflected on the next January 1 assessment. Section 8B, however, limits increases to 5% for any taxable year. Therefore, a property valued at $50,000 in year one may only be valued at $52,500 in year two.
¶ 4 Your first question asks whether improvements require a reassessment of the property. Reassessment of the entire property is required when the property is transferred, changed, or conveyed to another person. This is provided for in Section 8B which provides in pertinent part:
 If title to the property is transferred, changed, or conveyed to another person, the property shall be assessed for that year based on the fair cash value as set forth in Section 8 of Article X of this Constitution.
Okla. Const. art. X, § 8B.
¶ 5 In the next sentence of Section 8B it is provided that:
 If any improvements are made to the property, the increased value to the property as a result of the improvement shall be assessed for that year based on the fair cash value as set forth in Section 8 of Article X of this Constitution.
Okla. Const. art. X, § 8B (emphasis added).
¶ 6 When property is transferred, changed or conveyed to another person Section 8B provides for assessment based on the fair cash value. Improved property, however, is valued based on the increased value to the property as a result of theimprovement. Statutes and Constitutions "must be construed as a consistent whole in harmony with common sense and reason and every portion thereof should be given effect if possible."Cowart v. Piper Aircraft Corporation, 665 P.2d 315, 317 (Okla. 1983). To give meaning to the words "the increased value to the property as a result of the improvement" Section 8B must be construed to provide that to the extent property is increased in value due to the improvements the increase is added to the amount previously assessed for the existing property. In 1997 the Legislature added Section 2817.1 to Title 68. Subsection B provides in pertinent part:
 For purposes of implementing Section 8B of Article X
of the Oklahoma Constitution, improvements made to locally assessed real property shall be assessed in accordance with law by the county assessor based on the fair cash value of the improvement. The assessed value of the improvement shall then be added to the existing assessed value of the property. The existing property shall continue to be subject to the five-percent limitation on the increase in valuation as set forth in Section 8B of Article X of the Oklahoma Constitution. Except when title to the property is transferred, changed, or conveyed to another person as defined in Section 3 of this act, and in accordance with Legislative intent as set forth in subsection A of this section, under no circumstances shall the fair cash value of the existing property increase by more than five percent (5%) in any taxable year.
68 O.S. Supp. 1997, § 2817.1[68-2817.1](B).
¶ 7 Article X, § 8B and 68 O.S. Supp. 1997, § 2817.1[68-2817.1] mandate that if improvements are made to real property the improvements shall be assessed and added to the value of the existing property. The existing property is subject to the five-percent limitation as set forth in Article X, § 8B of the Oklahoma Constitution.
 II.
¶ 8 Your second question concerns the application of Article X, § 8C which prohibits increases to the fair cash value of homesteads owned by a person who is 65 years of age or older and who has an annual gross household income of $25,000 or less. This section also provides for an exception to the limitation on increases when improvements are made, or when the individual head of household ceases to own and occupy the property, or if the gross household income from all sources exceeds $25,000 in a calendar year. Section 8C provides in pertinent part:
 Despite any provision to the contrary, beginning January 1, 1997, the fair cash value, as determined by law, on each homestead of an individual head of household whose gross household income from all sources for the preceding calendar year did not exceed Twenty-five Thousand Dollars ($25,000.00), and which individual head of household is sixty-five (65) years of age or older, shall not exceed the fair cash value placed upon the property during the first year in which the individual head of household was sixty-five (65) years of age or older and had gross household income from all sources of Twenty-five Thousand Dollars ($25,000.00) or less. Subject to the limitations of this section, the fair cash value shall not exceed such amount as long as the individual head of household who is sixty-five (65) years of age or older owns and occupies the property and as long as the gross household income from all sources does not exceed Twenty-five Thousand Dollars ($25,000.00) in any calendar year. . . . For any individual head of household who is sixty-five (65) years of age or older prior to January 1, 1997, and has gross household income from all sources of Twenty-five Thousand Dollars ($25,000.00) or less in calendar year 1996, the fair cash value of the real property shall be the fair cash value placed upon the property on January 1, 1997. If the individual head of household ceases to own and occupy the property or if the gross household income from all sources exceeds Twenty-five Thousand Dollars ($25,000.00) in a calendar year, the fair cash value of the property shall be determined as if the provisions of Section 8
of Article X of the Constitution of the State of Oklahoma or any other provisions relating to a limitation on the fair cash value of locally assessed real property had been in effect during the time the property was valued pursuant to the provisions of this section.
Okla. Const. art. X, § 8C.
¶ 9 Your second question poses a scenario wherein an individual qualified for the Section 8C treatment fails to qualify in a future year. In such a case does Section 8C require a cumulative increase or is the increase limited to that provided by Article X, § 8B?
¶ 10 Section 8C is a tax benefit provision freezing fair cash value for elderly low income individuals. There is no provision in Section 8C which provides for a cumulative reassessment of the property. In fact, the last sentence of Section 8C provides that where gross household income exceeds Twenty-Five Thousand Dollars ($25,000.00) "the fair cash value of the property shall be determined as if the provisions of Section 8 of Article X of the Constitution of the State of Oklahoma or any other provisionsrelating to a limitation on the fair cash value . . . had been ineffect during the time the property was valued pursuant to theprovisions of this section." Id. If a person fails to continue to qualify for the Section 8C treatment — the provisions of Section 8B would apply:
 Despite any provision to the contrary, the fair cash value of any parcel of locally assessed real property shall not increase by more than five percent (5%) in any taxable year.
Okla. Const. art X, § 8B.
¶ 11 Article X, § 8B is "another provision relating to a limitation on the fair cash value of locally assessed real property" and would, by the terms of Article X, § 8C, be applicable. Therefore, property not qualified for Article X, § 8C treatment would still qualify for the Section 8B limitation which caps increases at five percent (5%) for any taxable year. The five percent (5%) limitation would be applicable in the year property ceased to qualify for Section 8C treatment.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. If improvements are made to real property, Article X, § 8Bof the Oklahoma Constitution requires that the fair cash valueadded to the property as a result of the improvements be added tothe previously assessed value of the locally assessed realproperty. The fair cash value of the property existing prior tothe improvements may only be increased by a maximum of fivepercent (5%).
 2. If an owner fails to qualify for the Article X, § 8Climitation in any taxable year, the fair cash value of theproperty is subject to a maximum five percent (5%) increase thefirst year the Article X, § 8C limitation is removed.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL