Dear Honorable Sean Burrage,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:1. Is an entity required to be a "nonprofit" entity to hold executivesessions, authorized by 25 O.S.Supp. 2010, § 307[25-307] (C)(10), forpurposes of conferring on certain matters pertaining to economicdevelopment? 2. Does 25 O.S.Supp. 2010, § 307(C)(10) allow citycouncils and public trusts created pursuant to
60 O.S. 2001 Supp. 2010, §§ 178 — 180.4, with a municipalityas a beneficiary, to hold executive sessions for purposes of conferringon certain matters pertaining to economic development?
¶ 1 The questions presented require analysis of a provision of the Oklahoma Open Meeting Act allowing public bodies to hold executive sessions for purposes of conferring on matters pertaining to economic development if certain conditions are met. The underlying public policy of this provision is intended to protect the competitive economic interests of businesses locating or doing business within Oklahoma. The statute allows a public body to hold executive sessions if public discussion of the economic development would jeopardize the business's development of products or services or if it would violate the business' confidentiality. The statute in question specifically provides in pertinent part as follows:
 C. Notwithstanding the provisions of subsection B of this section, the following public bodies may hold executive sessions:
 . . . .
 10. All nonprofit foundations, boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts, task forces or study groups supported in whole or part by public funds or entrusted with the expenditure of public funds for purposes of conferring on matters pertaining to economic development, including the transfer of property, financing, or the creation of a proposal to entice a business to remain or to locate within their jurisdiction if public disclosure of the matter discussed would interfere with the development of products or services or if public disclosure would violate the confidentiality of the business[.]
25 O.S.Supp. 2010, § 307[25-307](C)(10) (emphasis added).
 I. The Word "Nonprofit" as Used in 25 O.S.Supp. 2010, § 307(C)(10) Applies Only to Foundations and Not Every Entity Listed in the Statute.
¶ 2 You first ask if an entity must be "nonprofit" to hold an executive session authorized by 25 O.S.Supp. 2010, § 307[25-307](C)(10). "When considering the construction to be given a statute, the primary consideration is to ascertain the legislative intent, and this must be determined from the language used." Stemmons, Inc. v. Universal C.I.I.Credit Corp., 301 P.2d 212, 216 (Okla. 1956). The general rule is that "an adjective at the beginning of a conjunctive phrase applies equally to each object within the phrase." Lewis v. Jackson EnergyCoop., 189 S.W.3d 87, 92 (Ky. 2005). "In other words, the first adjective in a series of nouns or phrases modifies each noun or phrase in the following series unless another adjective appears." Id.
However, this general rule is not applicable to the question presented in this Opinion. "Statutes . . . must be construed as a consistent whole in harmony with common sense and reason." Cowart v. Piper AircraftCorp., 665 P.2d 315, 317 (Okla. 1983). A common sense reading of the statute makes it unnecessary to apply the word "nonprofit" to every entity listed in 25 O.S.Supp. 2010, § 307[25-307](C)(10).
¶ 3 The language used in 25 O.S.Supp. 2010, § 307[25-307](C)(10) and generally in the Open Meeting Act, indicates the Legislature intended "nonprofit" to only apply to foundations. The language in Section 307(C)(10) providing for "boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts, task forces or study groups supported in whole or part by public funds" is mirrored almost exactly in the general definition of "public body" provided in 25 O.S.Supp. 2010, § 304[25-304](1).[1] The only substantive difference between the entities listed in 25 O.S.Supp. 2010, § 304[25-304](1) and those listed in 25 O.S.Supp. 2010, § 307[25-307](C)(10) is the addition of "nonprofit foundations" at the beginning of the list. A consistent reading of the Open Meeting Act requires the nearly identical language appearing in both sections to be given the same meaning. Since 25 O.S.Supp. 2010, § 304[25-304](1) makes no mention of the word "nonprofit" a consistent construction indicates that "nonprofit" would not apply to all the entities listed in 25 O.S.Supp. 2010, § 307[25-307](C)(10). Because nonprofit foundations are not generally public bodies under the Open Meeting Act, the Legislature only intended to give executive session authority to nonprofit foundations when such foundations are "supported in whole or part by public funds or entrusted with the expenditure of public funds for purposes of conferring on matters pertaining to economic development." Id. Any entities listed after "nonprofit foundations" in the statute are not required to also be nonprofit.[2]
 II. City Councils and Public Trusts May Hold Executive Sessions for Purposes of Conferring on Certain Matter Pertaining to Economic Development Pursuant to 25 O.S.Supp. 2010, § 307(C)(10).
¶ 4 You next ask if city councils and public trusts created pursuant to 60 O.S. 2001 Supp. 2010, §§ 178 — 180.4, with a municipality as a beneficiary, may hold executive sessions pursuant to 25 O.S.Supp. 2010, § 307[25-307](C)(10). The plain language of 25 O.S.Supp. 2010, § 307[25-307](C)(10) includes both "councils" and "public trusts" as entities that are allowed to hold executive sessions for purposes of conferring on matters pertaining to economic development. The statute grants executive session authority to public bodies to discuss matters of economic development if public disclosure would interfere with the development of products or services or if disclosure would violate the confidentiality of the business. In addition, the plain language imposes no limits on what types of public trusts may hold executive sessions. "The statute is devoid of ambiguity. There is no room for construction or provision for further inquiry when the statute plainly speaks." Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). Therefore, "[b]ecause the language of the statute is plain and unambiguous and its meaning clear, no occasion exists for the operation of rules of construction and its evident meaning must be accepted." Id. City councils and public trusts may hold executive sessions "for purposes of conferring on matters pertaining to economic development, including the transfer of property, financing, or the creation of a proposal to entice a business to remain or to locate within their jurisdiction if public disclosure of the matter discussed would interfere with the development of products or services or if public disclosure would violate the confidentiality of the business." 25 O.S.Supp. 2010, § 307[25-307](C)(10).
 III. A Public Body May Hold an Executive Session Pursuant to 25 O.S.Supp. 2010, § 307(C)(10) if the Public Body Determines the Executive Session is Necessary to Protect the Development of Products or Services of the Business or to Protect the Confidentiality of the Business, and if All Notice Requirements in
25 O.S.Supp. 2010, § 311(B)(2) Are Met.
¶ 5 Although we conclude that city councils and public trusts may hold executive sessions pursuant to 25 O.S.Supp. 2010, § 307[25-307](C)(10), this does not end our discussion. Oklahoma law provides that "[n]o public body shall hold executive sessions unless otherwise specifically provided in [25 O.S.Supp. 2010, § 307[25-307]]", and "[t]he executive session is authorized by a majority vote of a quorum of the members present and the vote is a recorded vote[.]" Id. § 307(A), (E)(2). A vote to enter into executive session pursuant to 25 O.S.Supp. 2010, § 307[25-307](C)(10) must also be an affirmation the public body has determined the executive session is necessary because "public disclosure of the matter discussed would interfere with the development of products or services" OR
"public disclosure would violate the confidentiality of the business."Id. In addition, the public body must give proper notice of the proposed executive session on the meeting agenda.
 B. 2. If a public body proposes to conduct an executive session, the agenda shall:
 a. contain sufficient information for the public to ascertain that an executive session will be proposed;
 b. identify the items of business and purposes of the executive session; and
 c. state specifically the provision of Section 307 of this title authorizing the executive session.
25 O.S. 2001, § 311[25-311].
¶ 6 If a public body determines an executive session is necessary to protect the development of products or services or to protect the confidentiality of a business, and if the public body has given proper notice of the proposed executive session under 25 O.S.Supp. 2010, § 311[25-311](B)(2), then the public body may vote and enter into executive session for purposes of conferring on certain matters of economic development pursuant 25 O.S.Supp. 2010, § 307[25-307](C)(10).
 ¶ 7 It is, therefore, the official Opinion of the Attorney General that:
 1. The word "nonprofit" as used in 25 O.S.Supp. 2010, § 307(C)(10), which grants public bodies authority to hold executive sessions for purposes of conferring on certain matters pertaining to economic development, only applies to foundations and not every public body listed.
 2. City councils and public trusts created pursuant to
60 O.S. 2001 Supp. 2010, §§ 178 — 180.4, including those with a municipality as a beneficiary, may hold executive sessions for purposes of conferring on certain matters pertaining to economic development pursuant to 25 O.S.Supp. 2010, § 307(C)(10).
 3. If a public body determines an executive session is necessary to protect the development of products or services or to protect the confidentiality of a business, and if the public body has given proper notice of the proposed executive session under 25 O.S.Supp. 2010, § 311(B)(2), then the public body may vote and enter into executive session for purposes of conferring on certain matters of economic development pursuant 25 O.S.Supp. 2010, § 307(C)(10).
E. SCOTT PRUITT Attorney General of Oklahoma
GEOFFREY D. LONG Assistant Attorney General
[1] "Public body" means the governing bodies of all municipalities located within this state, boards of county commissioners of the counties in this state, boards of public and higher education in this state and all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts . . . task forces or study groups in this state supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body.
25 O.S.Supp. 2010, § 304[25-304](1).
[2] Although we have concluded that a common sense reading of the statute makes it unnecessary to apply "nonprofit" to every entity, even if "nonprofit" did apply to all entities listed in 25 O.S.Supp. 2010, § 307[25-307](C)(10) the result of this inquiry would not change. By their very nature public bodies are nonprofit and are "literally organizations that are not operated for a profit." A.G. Opin. 98-40, at 187. *Page 1