Question Submitted by: The Honorable Mike Ritze, State Representative, District 80
2017 OK AG 14
Decided: 12/12/2017
Oklahoma Attorney General Opinions

Cite as: 2017 OK AG 14, __ __

 

¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:

1. May the Legislature pass a revenue bill during a special session that is called pursuant Okla. Const. art V, § 27A but convenes after the adjournment sine die of the Legislature's regular session if the special session extends for five days beyond the date on which the revenue bill is passed?
2. May the Legislature pass a revenue bill during a special session that is called pursuant Okla. Const. art V, § 27A and runs concurrently with the Legislature's regular session if the date of passing the revenue bill coincides with the last five days of the regular session?
I.
Background
¶1 Your questions concern the application of Article V, Section 33 of the Oklahoma Constitution in the context of special legislative sessions.[1] Article V, Section 33 imposes three procedural requirements for passing "bills for raising revenue" or "revenue bills."[2] First, they must originate in the House of Representatives, not the Senate. Okla. Const. art. V, § 33(A). Second, they must be approved either by a majority of voting citizens through a referendum or by three-fourths of the members of both the House and the Senate. Id. § 33(C)-(D). Third, "[n]o revenue bill shall be passed during the five last days of the session." Id. § 33(B). Your questions concern only the Section 33(B) restriction on passing revenue bills during the last five days of session.
¶2 The Oklahoma Constitution requires the Legislature to hold regular sessions but also allows the Legislature to convene for special sessions. Okla. Const. art V, §§ 27, 27A. The application of Section 33 to the Legislature's regular session has been addressed extensively by the Oklahoma Supreme Court. See, e.g., Okla. Auto. Dealers Assoc. v. State ex rel. Okla. Tax Comm'n, 2017 OK 64, 401 P.3d 1152; Naifeh v. State ex rel. Okla. Tax Comm'n, 2017 OK 63, 400 P.3d 759; Fent v. Fallin, 2014 OK 105, 345 P.3d 1113. This Opinion addresses whether, and to what degree, the five-day requirement of Section 33(B) extends to special sessions called pursuant to Article V, Section 27A of the Oklahoma Constitution.[3]

II.
Discussion
¶3 We begin with the recognition that under Oklahoma law, "[a] legislative act is presumed to be constitutional and will be upheld unless it is clearly, palpably and plainly inconsistent with the Constitution." Lee v. Bueno, 2016 OK 97, ¶ 7, 381 P.3d 746, 740. Oklahoma courts "scrutinize a constitutional attack on a statute with great caution and grave responsibility." Lafalier v. Lead-Impacted Communities Relocation Assist. Tr., 2010 OK 48, ¶ 15, 237 P.3d 181, 189-90. This presumption applies when considering the application of Article V, Section 33, just as it would any other constitutional question. See Calvey v. Daxon, 2000 OK 17, ¶ 24, 997 P.2d 164, 172. Therefore, any bill challenged for having not complied with the procedural requirements of Article V, Section 33 begins with the presumption of constitutionality.
A. The procedural requirements of Article V, Section 33(B) apply equally to special sessions called pursuant to Article V, Section 27A as they do to regular sessions.
¶4 The answer to each of your questions hinges on whether Article V, Section 33(B) applies to special sessions generally. Based on the plain meaning of the language used therein, we find that it does. See Dean v. Multiple Injury Tr. Fund, 2006 OK 78, ¶ 9, 145 P.3d 1097, 1101 (Where "the language is plain and clearly expresses" the People's will, "further inquiry is unnecessary."). The text of Section 33(B) provides that "[n]o revenue bill shall be passed during the five last days of the session." The provision implies but merely elides the fuller phrase 'the session in which the bill was passed.' Thus, if the bill is introduced and passed in a regular session, it cannot be passed within the last five days of that regular session. Likewise, if the bill is introduced and passed in a special session, it cannot be passed within the last five days of that special session.
¶5 This conclusion is supported by the "natural presumption that identical words used in different parts of the same act are intended to have the same meaning." Atl. Cleaners & Dryers, Inc. v. United States, 286 U.S. 427, 433 (1932). The Oklahoma Constitution elsewhere uses the phrase "the session" in contexts that certainly apply to special sessions. For instance, Article V, Section 30 provides that "[n]either House, during the session of the Legislature, shall, without the consent of the other, adjourn for more than three days, nor to any other place than that in which the two Houses shall be sitting." Okla. Const. art. V, § 30 (emphasis added). Similarly, the Speech and Debate Clause provides that legislators "shall, except for treason, felony, or breach of the peace, be privileged from arrest during the session of the Legislature, and in going to and returning from the same, and, for any speech or debate in either House, shall not be questioned in any other place." Id. § 22 (emphasis added). No one would suggest that the immunity granted in the Speech and Debate Clause does not extend to statements made during a special session.
¶6 This interpretation is also consistent with the requirement that a constitutional provision "'must be construed considering its purpose and given a practical interpretation so that the manifest purpose of the framers and the people who adopted it may be carried out.'" Naifeh, 2017 OK 63, ¶ 18, 400 P.3d at 765 (quoting Fent, 2014 OK 105, ¶ 17, 345 P.3d at 1118); see also Calvey, 2000 OK 17, ¶ 14, 997 P.2d at 170 ("Constitutional...Amendments are construed to effectuate their purpose."). In the context of regular sessions, the five-day requirement of Section 33(B) allows legislators the opportunity to reflect on the bill just passed before losing the ability to enact remedial bills to reduce or eliminate the tax burden created by the new revenue bill. Cf. Fent, 2014 OK 105, ¶¶ 13-18, 345 P.3d at 1117-18 (holding that bills that reduce revenue are not subject to Article V, Section 33). It also permits legislators time to pass later bills that use the revenue generated by the revenue bill. Both of these purposes are equally applicable to regular and special sessions.
¶7 Finally, the Constitution "must be construed as a consistent whole in harmony with common sense and reason and every portion thereof should be given effect if possible." Coward v. Piper Aircraft Corp., 1983 OK 66, ¶ 4, 665 P.2d 315, 317. With regard to Article V, Section 33, each of the other requirements--the House-origination requirement of Section 33(A), the referendum requirement of Section 33(C), and the three-fourths majority requirements of Section 33(D)--certainly apply to special sessions. There is no reason to believe that Section 33(B) alone is inapplicable in the context of special sessions in the absence of specific language expressing as much.
¶8 For these reasons, Section 33(B) should be interpreted as applying to special sessions, including those that are called after the regular session adjourns sine die.

B. A revenue bill passed during a special session in compliance with Article V, Section 33(B) is not invalidated solely because its passage coincides with the last five days of a concurrent regular session.
¶9 The conclusion reached above does not change if the date of passage happens to coincide with the last five days of a regular session running concurrently with the special session.
[4] Of course, for the reasons stated above, any such bill still must be passed before the last five days of that special session to comport with Article V, Section 33(B). But the Constitution does not forbid revenue bills from being passed prior to the last five days of the session in which it was introduced, even if there is a concurrent session ongoing. Put simply, the only session relevant to the Section 33(B) analysis is the session in which the bill was introduced and passed.
¶10 This construction is consistent with other constitutional provisions that expressly enable the Governor and Legislature to call such special sessions in extraordinary circumstances in order to benefit from the greater flexibility needed to address specific legislative concerns. Nor would there be any legitimate fear that the heightened procedural requirements of Article V, Section 33 would be impermissibly diluted by considering a revenue bill in a concurrent special session. The Legislature or Governor would have to satisfy constitutional requirements for calling a special session, and the Legislature would have to satisfy the other procedural requirements of Article V, Section 33 to pass a revenue bill in the special session.
¶11 For these reasons, Section 33(B) should be interpreted as allowing the Legislature to pass revenue bills during--but before the last five days of--a special session, even if the date of passage coincides with the last five days of a concurrent regular session.

¶12 It is, therefore, the official Opinion of the Attorney General that:
1. Okla. Const. art. V, § 33(B) applies to revenue bills passed during a special legislative session called pursuant Okla. Const. art V, § 27A, regardless of whether it runs concurrently with the regular legislative session or is called after regular session adjourns sine die.
2. A revenue bill introduced and passed before the last five days of a special session complies with Okla. Const. art. V, § 33(B) even if the bill is passed during or after the last five days of a regular session running concurrently with the special session. 
Mike Hunter
Attorney General of Oklahoma
Michael K. Velchik
Assistant Solicitor General

FOOTNOTES
[1] Because you have asked only about special sessions called by the Legislature pursuant to Article V, Section 27A of the Oklahoma Constitution, and not those called by the Governor pursuant to Article VI, Section 7, this analysis is limited to the context of legislatively-called special sessions.
[2] The terms "bills for raising revenue" and "revenue bills" are synonymous in this context. See Calvey v. Daxon, 2000 OK 17, ¶ 9, 997 P.2d 164, 168.
[3] While opinions of the Attorney General are official interpretations of Oklahoma law binding on state officials, see, e.g., State ex rel. Fent v. State ex rel. Okla. Water Res. Bd., 2003 OK 29, ¶ 16, 66 P.3d 432, 441, they have been deemed only advisory when construing the Oklahoma Constitution. State ex rel. York v. Turpen, 1984 OK 26, ¶ 12, 681 P.2d 763, 767. Accordingly, because you ask only about the constitutionality of hypothetical legislation passed during a special session, this opinion carries only persuasive value.
[4] It is not unusual for a special legislative session to run concurrently with a regular session. For instance, a special session lasting from August 14, 1989 until May 2, 1990 overlapped with the 1990 regular session. In 2004, the Legislature was called into a special session on May 19, while the regular session did not adjourn until May 28. And in 2006, a two-day special session was called from May 25-26, which overlapped with the regular session that also adjourned on May 26.

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2003 OK 29, 66 P.3d 432, 
STATE ex rel. FENT v. STATE ex rel. OKLAHOMA WATER RESOURCES BOARD
Discussed

 
2006 OK 78, 145 P.3d 1097, 
DEAN v. MULTIPLE INJURY TRUST FUND
Discussed

 
2010 OK 48, 237 P.3d 181, 
LAFALIER v. THE LEAD-IMPACTED COMMUNITIES RELOCATION ASSISTANCE TRUST
Discussed

 
2014 OK 105, 345 P.3d 1113, 
FENT v. FALLIN
Discussed at Length

 
2016 OK 97, 381 P.3d 736, 
LEE v. BUENO
Cited

 
2017 OK 63, 400 P.3d 759, 
NAIFEH v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed at Length

 
2017 OK 64, 401 P.3d 1152, 
OKLAHOMA AUTOMOBILE DEALERS ASSOC. v. STATE ex rel. OKLAHOMA TAX COMM.
Discussed

 
2000 OK 17, 997 P.2d 164, 71 OBJ 721, 
Calvey v. Daxon
Discussed at Length

 
1983 OK 66, 665 P.2d 315, 
Cowart v. Piper Aircraft Corp.
Discussed

 
1984 OK 26, 681 P.2d 763, 55 OBJ 1013, 
State ex rel. York v. Turpen
Discussed