Raymond KILE, Plaintiff in Error,

v.

Earl Ray COTNER, Defendant in Error.

No. 41074.

Supreme Court of Oklahoma.

May 24, 1966

Ray H. Wilburn, Tulsa, for plaintiff in error.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Jack M. Thomas, Tulsa, for defendant in error.

IRWIN, Justice.

This is an appeal on the original record from an order of the trial court sustaining defendant in error's Motion to Quash and Plea to the Jurisdiction. The parties will be referred to as they appeared in the trial court.

## FACTS

Plaintiff's petition alleged facts pertaining to a certain automobile accident that occurred on December 20, 1961. The petition was filed and summons was issued on December 20, 1963. A return on said summons was filed on December 30, 1963, disclosing defendant "not found". On January 16, 1964, an alias summons was issued and same was served on the defendant January 17, 1964. On February 4, 1964, defendant filed his motion to quash and plea to the jurisdiction and moved the court to quash, set aside, and hold for naught the summons and purported service thereof for the reason the court had neither venue nor jurisdiction over the defendant and that the summons was not issued, served and returned according to law. Defendant filed with said motion and plea an affidavit and certain portions of a deposition in support of his motion and plea to the effect that defendant did not live at the place designated in the original summons and that plaintiff's counsel knew this when the action was filed and summons was issued.

Apparently relying upon the provisions of Title 12 O.S.1961, Sec. 97, the trial court found that on December 20, 1963, when plaintiff caused the original summons to be issued, the same did not constitute an attempt to commence the action faithfully, properly and diligently to procure service because plaintiff's counsel knew defendant did not live at the place designated in the summons; and that the statute of limitations did in fact run on the cause of action on December 21, 1963, and the purported service of summons on defendant on January 18, 1964, was ineffective.

Based upon the above findings the trial court sustained defendant's motion to quash and plea to the jurisdiction.

## CONCLUSION

The record is quite clear that in asserting his motion to quash and plea to the jurisdiction, defendant relied upon his contention that plaintiff had not faithfully, properly and diligently endeavored to procure service of summons on defendant on December 20, 1963, and plaintiff's action was barred by the Statute of Limitation. It is equally clear, that the trial court's order sustaining defendant's motion and plea was based on the Statute of Limitation after finding that plaintiff had not faithfully, properly and diligently endeavored to procure service of summons on defendant on December 20, 1963. In other words, defendant's motion and plea and the trial court's order sustaining the same were based on the proposition that since plaintiff had not faithfully, properly and diligently endeavored to procure service of summons on defendant on December 20, 1963, plaintiff's action was barred by the Statute of Limitation when service of the alias summons was had on January 17, 1964. Therefore, the issue presented is not whether defendant was properly served with summons on January 17, 1964, if plaintiff had not faithfully, properly and diligently endeavored to procure service on defendant on December 20, 1963; but whether the trial court committed error in sustaining the motion to quash and plea to the jurisdiction on the grounds that the Statute of Limitation barred the action at the time it sustained such motion and plea. Stated in another way, is the Statute of Limitation placed in issue by a motion to quash and plea to the jurisdiction.

Title 12 O.S.1961, Sec. 97, provides, inter alia, that an attempt to commence an action shall be deemed equivalent to the commencement thereof, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by service of summons within sixty days.

The above section defines the time when an action is deemed commenced when the question of limitation is involved. See Cowley-Lanter Lumber Co. v. Dow, 150 Okl. 150, 300 P. 781. In Kelly-Goodfellow Shoe Company v. Todd, 5 Okl. 360, 49 P. 53, we said that Section 97, supra, is

a statute of limitation, enacted for the purpose of constituting a special defense and bar to an action on the ground of lapse of time between the incurring of a liability and an attempt to enforce it by legal proceedings, and its provisions are expressly limited.

■ In Marks v. McCune Construction, Company, Okl., 370 P.2d 560, we held that where a petition does not show on its face that a cause of action is barred by the Statute of Limitation, such defense cannot be raised by demurrer, but must be specifically pleaded.

■ Title 12 O.S.1961, Sec. 272, prescribes what an answer shall contain and one of its items is new matter constituting a defense. In Straub v. Swaim, Okl., 296 P.2d 147, we said that the Statute of Limitation is an affirmative defense which must be pleaded by the party asserting or claiming it, and when it is not pleaded it is waived.

■ Plaintiff's petition does not show on its face that his action was barred by the Statute of Limitation. Under these circumstances and the record, the only issue that could have been determined when the trial court sustained defendant's motion to quash was the sufficiency of the service of summons on January 17, 1964, as defendant's motion did not or could not place in issue the question of limitation.

We therefore hold that the trial court committed error in sustaining defendant's motion to quash and plea to the jurisdiction.

Defendant contends that this Court does not have jurisdiction of this appeal, but cites no authority to sustain this contention. We find the appeal was properly lodged and this Court has jurisdiction to determine the cause.

In determining this cause, we have not considered or determined whether plaintiff did or did not faithfully, properly and diligently endeavor to procure service on defendant on December 20, 1963, or whether the trial court did or did not ac-

quire jurisdiction of defendant by the service of January 17, 1964, as the only issue herein presented is whether the Statute of Limitation was placed in issue by the motion to quash and plea to the jurisdiction.

The order of the trial court sustaining defendant's motion to quash and plea to the jurisdiction is reversed with directions to vacate such order and proceed in a manner not inconsistent with the views herein expressed.

Reversed with directions.