NATIONAL ZINC COMPANY, a corporation and Hartford Accident & Indemnity Co., Petitioners,

v.

Carl W. CAMPBELL and State Industrial Court, Respondents.

No. 43013.

Supreme Court of Oklahoma.

March 18, 1969.

Rehearing Denied April 15, 1969.

Covington, Gibbon & Poe, A. M. Covington, Tulsa, for petitioners.

Howard C. Triggs, Oklahoma City, G. T. Blankenship, Atty. Gen. of the State of Oklahoma, for respondents.

WILLIAMS, Justice.

Under review is an award entered by the State Industrial Court allowing respondent, claimant below, compensation under the provisions of the Workmen's Compensation Law 85 O.S.1961, § 1, et seq. The parties will be referred to herein as they appeared before the State Industrial Court.

Claimant, age 60, had been employed by respondent National Zinc Company for approximately thirty years prior to August 23, 1967. On this latter date, he became seriously ill and was hospitalized. At the time of this hospitalization, he was found to be suffering from numerous ailments and illnesses, one of which was pulmonary emphysema and pulmonary fibrosis. Thereafter, he filed his claim for compensation with the Industrial Court stating that he had an occupational disease the nature of which was pulmonary emphysema, silicosis and pulmonary fibrosis.

Claimant testified below that for the last several years of his service with respondent employer he had been employed as a tile maker. In this capacity, claimant operated a mixer in which clay powder and silica dust were mixed with water and then

formed into containers and "retorts" which were used in employer's smelter. Claimant stated that some of the material used in making these containers and retorts was obtained from the grinding of used containers and retorts which contained particles of zinc and lead. The machine used in this grinding process was within approximately twenty-five feet of where claimant worked, and he stated that during the grinding operation the area was very dusty, often to the point of restricting visibility and requiring the employees to leave the area.

Claimant further testified that he first noticed difficulty in breathing some four months prior to his becoming seriously ill in August, 1967, although until this latter date he had not lost any great amount of working time as a result of such condition.

Claimant offered the written report of Dr. B wherein the physician stated that claimant was suffering from pulmonary emphysema and pulmonary fibrosis, which condition, in his opinion, " * * * was aggravated, accelerated and probably precipitated by [claimant's] exposure to the dust and fumes at the National Zinc plant." Dr. B further stated that in his opinion claimant was 100% permanently disabled as a result of the pulmonary emphysema and pulmonary fibrosis.

Respondents offered into evidence the written report of Dr. D. Dr. D found that claimant had pulmonary emphysema and arteriosclerotic heart disease, and stated that "(T)hese are diseases due to natural causes—not caused by injury." However, Dr. D did state that he did " * * * not know if his occupation with National Zinc Company is a contributing factor to his lung disease." Dr. D expressed his opinion that claimant was unable to work and that it was improbable he would make much improvement.

After hearing the evidence, the trial judge found "(T)hat claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above-named respondent, within the terms and meaning of the Workmen's Compensation Law on August 23, 1967, consisting of dust and fumes which precipitated, aggravated and accelerated the condition of pulmonary fibrosis and pulmonary emphysema." The trial judge further found that claimant had sustained " * * * 100 per cent permanent partial disability" and awarded him the maximum benefits provided by the Workmen's Compensation Law.

On review, respondents contend that as the cause below was tried on the basis of an occupational disease claim, the trial judge erred in entering an order deciding the cause on the basis that claimant had sustained an accidental personal injury. To support this contention, respondents, citing Union Indemnity Co. v. Saling, 166 Okl. 133, 26 P.2d 217, and Latimer v. Vanderslice, 178 Okl. 501, 62 P.2d 1197 argue that as the order below went outside the issues presented by the pleadings and decided a matter not tendered by the pleadings, it is absolutely void. Respondents also argue that the only competent evidence submitted below tended to establish that claimant's condition was due to an occupational disease and not from an accidental personal injury as found in the order.

We cannot agree with respondents' contention. As noted above, claimant filed his claim for benefits on the ground he had sustained occupational disease. The evidence submitted tended to establish that he worked in an extremely dusty area and that the dust present there contained some particles of zinc and lead. These metals are two of the "poisons" designated in 85 O.S.1961, § 3(16) (a) and we have previously held that a disability resulting from exposure to such toxic substances is compensable under the Workmen's Compensation Law. National Zinc Co. v. Hainline, Okl., 360 P.2d 236. The medical evidence submitted below was directed to the question of whether claimant's lung condition was aggravated, accelerated, and precipitated by his employ-

ment, and such evidence tends to establish that it was.

In our opinion, it is clear that the entire proceeding below was tried on the basis of whether claimant had sustained an occupational disease. The award below was entered by the use of a printed form, and although its printed provisions obviously relate to another type of compensable injury, it is clear from the language of the order above quoted that the Industrial Court found that claimant had sustained an occupational disease causing a permanent total disability. This was the very issue framed by the pleadings and evidence, and, in our opinion, respondents were not prejudiced by the entry of the award on the incorrect printed form.

Award sustained.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.