NATIONAL ZINC COMPANY, INC. and the State Insurance Fund, Petitioners,

v.

Walter MOODY and the State Industrial Court, Respondents.

No. 49319.

Supreme Court of Oklahoma.

Nov. 2, 1976.

Sam Hill, Richard Mason, Oklahoma City, for petitioners.

John Estes, Stipe, Gossett, Stipe & Harper, Oklahoma City, for respondents.

LAVENDER, Justice:

Petitioners National Zinc Company, Inc. (respondent below) and the State Insurance Fund (insurance carrier) seek vacation of award based on a determination of twenty-two percent (22%) permanent partial disability to the body as a whole. Industrial Court, sitting en banc, affirmed the trial court's order and award.

Walter Moody, respondent (claimant below), was a twenty-four year employee of National Zinc Company, Inc. He worked on the metal dock for some seven years. He was exposed to smoke and fumes on a regularly continuing basis in performing his work. Dr. B. gave a medical opinion that Moody suffered from pulmonary emphysema and pulmonary fibrosis which was aggravated, accelerated, and probably caused by exposure to dust and fumes at the employer's plant.

Petitioners argue (1) limitation statute of one year under 85 O.S.1971, § 43; (2) order sought to be reviewed found both an accidental personal injury and an occupational disease as the cause of the resulting permanent partial disability with neither sustained by competent evidence; and (3) insufficient evidence to sustain the finding of twenty-two percent (22%) permanent partial disability.

Petitioners admit limitations issue is first raised in this court. It was not raised in the Industrial Court below. That affirmative defense comes too late. Section 43, supra, is a true statute of limitations. *Logan County v. York,* Okl., 270 P.2d 968 (1954). It is a limitation upon the remedy and not upon the right itself. It should be treated the same as other statutes of limitation in this jurisdiction. Statute of limitations is an affirmative defense. It must be pled and cannot be raised initially on appeal. *Gragg v. James,* Okl., 452 P.2d 579 (1969); *Kile v. Cotner,* Okl., 415 P.2d 961 (1966). Rule 10 of the State Industrial Court, 85, Ch. 4, App., provides "(a)ll affirmative defense must be pled." Section 43, supra, cannot be considered in this appeal.

As suggested by petitioners, there is confusion with the trial court's order as to whether Moody suffered disability from an accidental personal injury or occupational disease. The order refers to "the date of claimant's last injurious exposure" as if finding injury resulted from an occupational disease. Although this kind of ju-

dicial proceeding is not without flexibility as to pleadings and procedure,[1] Moody was allowed to amend his Form 3 to read "Occupational disease." The order is not so indefinite as to be incapable of judicial interpretation of a finding Moody's disability resulted from an occupational disease.

▉ Moody testified he wore a respirator at times. That cut out much of the smoke and fumes from the furnace, and the dust, but not all of it. He felt it in his mouth and breathed it in his lungs. On cross-examination, Dr. B. testified of histories, given to him by employees of the respondent below that he had examined, of atmospheric conditions of silica dust and of a mixture of many materials, including cadmium, lead, zinc, and other heavy metals, at the plant where Moody worked. He had no opportunity to make his own test and did not know the degree of concentration, or the size of the particles, other than the smoke and fumes were visible over the plant. The testimony of Moody, coupled with the testimony and medical opinion of Dr. B. as to aggravation of pulmonary fibrosis, is competent evidence reasonably tending to support an award based on disability from an occupational disease under 85 O.S.1971, § 3(16)(*l*). *National Zinc Company v. Campbell,* Okl., 451 P.2d 941 (1969).

▉ With the medical opinion of Dr. B. and his percentage valuation of permanent partial disability, there is competent evidence upon which to base the trial court's finding of twenty-two percent (22%) permanent partial disability to Moody's body as a whole and to sustain the award. *Tulsa Linen Service v. Kroth,* Okl., 512 P.2d 172 (1975).

Award sustained.

All of the Justices concur.

1. *Reints v. Diehl,* Okl., 303 P.2d 641 (1956).