Emilianna DARNELL, Individually, and on behalf of the entire Estate of Burton Eugene Darnell, Sr., Appellant,

v.

CHRYSLER CORPORATION, a foreign corporation; Holley Carburetor, a division of Colt Industries of New York, a foreign corporation; Bob Copeland, and O.L. Copeland, a partnership, d/b/a Copeland Motor Company, Appellees.

No. 57031.

Supreme Court of Oklahoma.

July 24, 1984.

Rehearing Denied Sept. 18, 1984.

Garvin A. Issacs, Oklahoma City, for appellant.

Michael L. Darrah, Huckaby, Fleming & Frailey, Oklahoma City, for appellee, Holley Carburetor.

BARNES, Chief Justice:

Plaintiff Darnell filed her manufacturer's products liability action on the final day of the two-year statute of limitations period.[1] The summons which was filed in the court clerk's office along with the petition, designated service by mail. Although an entry was made on the docket sheet indicating that the summons was "issued" on the day of filing, it was not until the following day that it was mailed. Defendant Holley Carburetor filed a special demurrer asserting the running of the statute of limitations. The trial court sustained the demurrer and dismissed the case. The Court of Appeals reversed and remanded. We now grant certiorari and vacate the opinion of the Court of Appeals.

The single issue to be decided is whether this action was "commenced" prior to the expiration of the statute of limitations. Section 151 of Title 12, provides:

"A civil action is deemed commenced by filing in the office of the court clerk of the proper court a petition and by the issuance of summons thereon. Where

---

1. 12 O.S. 1981, § 95 Third; *Kirkland v. General* *Motors Corp.,* 521 P.2d 1353 (Okl.1974).

service by publication is proper, the action shall be deemed commenced at the date notice of publication is signed by the court clerk. Where service is sought to be effected by mailing, the action shall be deemed commenced when the envelope containing summons, addressed to the defendant or to the service agent if one has been appointed, is deposited in the United States mail with postage prepaid for forwarding by certified mail with a request for a return receipt from addressee only."

Holley maintains that the action was commenced one day too late because the summons was not mailed until the day after the filing of the petition and summons. Because Darnell elected service by mail, they argue, the final sentence of § 151 applies and the action was filed subsequent to the running of the statute of limitations.

Darnell contends that § 151 does not apply in this situation and refers us to 12 O.S.1981, § 97 which states:

"An action shall be deemed commenced, *within the meaning of this article,* as to each defendant at the date of the summons which is served on him, or on a co-defendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, *within the meaning of this article,* when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons, or if service is sought to be procured by mailing, by a receipt of certified mail containing summons, within sixty (60) days." (Emphasis added).

Darnell maintains that by filing the petition and summons in the correct form with the court clerk's office she had done all that was required of her to commence the action. She should not be penalized, she contends, because the court clerk's office did not actually mail the summons until the

following day. Because service was effected within the prescribed time period, she argues that her attempt to commence the action should be considered the equivalent of an actual commencement.

At first glance, it may appear that we have conflicting statutes regarding commencement of actions. However, upon closer examination and analysis, it becomes obvious that this is not the case.

■ Every provision of the Constitution and statutes of Oklahoma is presumed to have been intended for some useful purpose and every provision should be given effect. *Oklahoma Nat. Gas Co. v. State ex rel. Vassar,* 187 Okl. 164, 101 P.2d 793 (1940); *Knapp v. State ex rel. Comm'rs of State Land Office,* 206 Okl. 363, 243 P.2d 660 (1952); *Cowart v. Piper Aircraft Corp.,* 665 P.2d 315 (Okl.1983). Legislative intent is the governing principle in statutory interpretation and the "presumption is that the Legislature expressed its intent in a statute and that it intended what it expressed". *Rath v. LaFon,* 431 P.2d 312 (Okl.1967); *Ind. School Dist. v. Okla. City Fed. of Teachers,* 612 P.2d 719 (Okl.1980).

Section 97 contains the phrase "within the meaning of this article" in two of its three sentences. As explained in the footnote to the statute, the "article" referred to is codified as section 91 et seq. of Title 12, in Chapter 3 entitled "Limitation of Actions". Section 151 is included in Chapter 6 which is entitled "Commencement of Actions".

■ It is apparent that the Legislature, by specifying a more narrow application of § 97 ("within the meaning of this article"), intended that it control over the more general § 151 for cases in which the running of the statute of limitations is at issue. In *Kile v. Cotner,* 415 P.2d 961 (Okl.1966), this court stated, referring to § 97, "[t]he above section defines the time when an action is deemed commenced when the question of limitations is involved."

In *Cowley-Lanter Lumber Co. v. Dow,* 150 Okl. 150, 300 P. 781 (1931), we held "that for certain purposes there are three

different times or periods when action may be deemed to have commenced." The purposes enumerated by the court were (1) generally, under Section 231, C.O.S. 1921, now 12 O.S. § 151; (2) as notice of pendency of action under Section 260 C.O.S. 1921, now 12 O.S. § 180; and (3) with reference to the running of the statute of limitations under Section 187, C.O.S., now 12 O.S. § 97.

■ Application of the statute to the instant case results in the finding that Darnell attempted to commence the action when she filed the petition and summons in proper form prior to the expiration of the statute of limitations. By her action on the final day of the two-year period, Darnell "faithfully, properly and diligently" endeavored to procure a service. This attempt to commence action has the same effect as an actual commencement since the certified mail return receipt shows that the mail containing the summons was received within the sixty days required by § 97. The judgment of the trial court is reversed and the cause remanded.

BARNES, C.J., SIMMS, V.C.J., and HODGES, WILSON, KAUGER, JJ., concur.

LAVENDER, HARGRAVE and OPALA, JJ., dissent.

DOOLIN, J., disqualified.

LAVENDER, Justice, dissenting:

It seems to me the sole issue presented on appeal is whether the action against Holley Carburetor was "commenced" within two years within the meaning of 12 O.S. §§ 97, 151 and 155, pertinent parts of which are as follows:

Sec. 97. "An action shall be deemed commenced, ... at the date of the summons which is served on (each defendant).... An attempt to commence an action shall be deemed equivalent to the commencement thereof, ... when the party faithfully and diligently endeavors to procure a service; but such attempt must be followed ... if service is sought to be procured by mailing, by a receipt of certified mail containing summons within sixty (60) days."

Sec. 151. "A civil action is deemed commenced by filing in the office of the court clerk of the proper court a petition and by the clerk's issuance of summons thereon.... Where service is sought to be effected by mailing, the action shall be deemed commenced when the envelope containing summons, addressed to the defendant ... is deposited in the United States mail with postage prepaid for forwarding by certified mail with a request for a return receipt from addressee only."

Sec. 155. " * * *

(c) ... If the summons is to be served by mail, the clerk shall effect its mailing within five (5) days from the date it was issued.

* * * "

The quoted portion of §§ 97 and 151 became effective on the same date, February 17, 1969. The quoted portion of § 155 became effective on July 1, 1973.

Rules of statutory construction applicable to § 97 and § 151 are summarized in *O'Brien Packing Co. v. Martin*, 172 Okl. 157, 44 P.2d 72 (1935) as follows:

"... statutes in pari materia, passed at the same session of the Legislature, are to be construed together as one act, if it is possible to give effect to both. (Citations omitted).... Statutes passed by the Legislature on the same day or at the same session, when related to the same subject, are presumed to be actuated by the same policy and should be construed together so that all may stand. (Citations omitted).... and all statutes must be construed in accordance with the legislative intent. (Citations omitted). Later expressions by this Court have consistently confirmed the foregoing rules. *Johnson v. Ward*, Okl., 541 P.2d 182 (184) (1975); *Bankers Union Life Ins. Co. v. Read*, 182 Okl. 103, 77 P.2d 26 (29) (1938)."

Since § 97 and § 151 were enacted at the same session of the Legislature, and nei-

ther purports to supercede or modify the other, and since no inconsistency between the two appears from the clear meaning of their content when considered together, I would conclude that in the case at bar, the action was commenced when the court clerk deposited the summons in the United States mail with postage prepaid for forwarding by certified mail with a request for a return receipt from addressee only. This occurred on the day after the statute of limitations had run.

Next consider the effect of the enactment of § 155(c) has upon the priorly enacted § 97 and § 151, through the inclusion of the words: "If the summons is to be served by mail, the clerk shall effect its mailing within five (5) days from the date it was issued."

In *City of Sand Springs v. Dept. of Public Welfare,* Okl., 608 P.2d 1139 (1151) (1980), this Court again recognized and applied established rules of statutory construction in the following language:

"... repeals by implication are not favored and all statutory provisions must be given effect if possible; unless the conflict so demonstrated is irreconciliable the earlier provisions will not be repealed by the later enactment. (Citation omitted). Nothing short of irreconciliable conflict between statutes accomplishes a repeal by implication. (Citations omitted). Where such a conflict exists, the later modifies the earlier, even where both sections were enacted into the same official codification. (Citation omitted). Where the statutes conflict in part, repeal is not entire unless the later statute is so broad in scope, clear and explicit that its terms demonstrate it was intended to cover the whole subject matter, displacing the prior enactment, or so plainly repugnant that they cannot stand together. (Citation omitted). Where statutes conflict in part, the one last passed, which is the later declaration of the Legislature, should prevail, superseding and modifying the former statute only to the extent of such conflict. (Citation omitted)."

Upon applying the foregoing rules of statutory construction, I find no irreconcilable conflict in the three sections. Neither does § 155(c) suggest a repeal by implication of either of the two earlier sections. The clear meaning of the quoted words, I would hold, is that the court clerk is statutorily afforded five days from the date of the issuance of a summons in which to post it for mailing in the United States mails. So long as the court clerk posts the summons for mailing within the five days, the clerk has performed his statutory duty. Whatever recourse is available to the plaintiff who waits until the eve of the running of the statute in which to elect to serve a summons by mailing rests upon his vigilance in inducing a timely mailing by the clerk, or in the Legislature.

For the foregoing reasons, I would affirm the judgment of the trial court.

I am authorized to state that HARGRAVE and OPALA, JJ., concur in the views herein expressed.