Dear Oklahoma House of Representatives Webb
¶ 0 This office has received your request for an Attorney General Opinion in which you asked, in effect, the following questions:
1. In view of 70 O.S.Supp. 1994, § 5-117.5[70-5-117.5] and § 5-141, ifa school district does not participate in the health insuranceplan offered by the State and Education Employees Group InsuranceAct ("SEEGIA"), may the district pay a greater premium for thesuperintendent of the school district than the premium paid forother employees participating in the chosen school insuranceplan?
 2. Would the answer to question one be different if thesuperintendent's contract specified the higher premium?
 3. May a school district pay disability insurance premiums fora superintendent if the contract does not specify the benefit?
 4. Is the intent of 70 O.S.Supp. 1994, § 5-141[70-5-141] to equalizeall benefits to full-time employees?
¶ 1 To answer your questions it is important to examine 70O.S.Supp. 1994, § 5-117.5[70-5-117.5] which states in part:
 A. The board of education of each school district in this state shall provide a health insurance plan for the employees of the school district. School districts may obtain health and dental insurance coverage as provided for in the State and Education Employees Group Insurance Act or may obtain other health insurance coverage. . . .
 B. A school district that participates in health insurance coverage other than the health insurance plan offered by the State and Education Employees Group Insurance Act shall not be required to pay any portion of the premiums for the employees or the dependents of the employees of said school district. Unless a school district negotiates an agreement with its employees regarding health insurance pursuant to Sections 509.1 through 509.9 of this title, and to the extent that the agreement provides for the members of the recognized bargaining unit, a school district that participates in health insurance coverage other than the health insurance plan offered by the State and Education Employees Group Insurance Act is prohibited from acquiring additional or supplemental health or dental insurance for any board member, school superintendent or any other employee which is not available to all employees of said district, and said school district shall not pay a greater portion of the employee or dependent premium for any health or dental insurance plan or plans provided by said school district on behalf of any board member, school superintendent or employee than that portion paid on behalf of all participating employees of said district.
70 O.S.Supp. 1994, § 5-117.5[70-5-117.5] (emphasis added).
 I.
¶ 2 Question one regarding whether a school district may pay a greater health insurance premium for the superintendent of the district than for other district employees, is answered by a plain reading of Section 5-117.5(B). The rule announced in the statute is that districts participating in health insurance other than SEEGIA are prohibited from acquiring additional or supplemental health or dental insurance for a school employee which is not available to other district employees and cannot pay greater health insurance premiums for school superintendents than for other employees.
¶ 3 The exception in Section 5-117.5(B) of Title 70 states that if an agreement with an employees' bargaining unit is negotiated pursuant to 70 O.S.Supp. 1994, §§ 509.1-509.9[70-509.1-509.9], such agreement overrides the prohibition with respect to the employees' group with whom the negotiation occurs. Section 509.2 addresses the threshold question of which employees may negotiate. Members of an employee organization eligible to negotiate include three groups which are, in essence:
 1. Employees who are employed and certified as principals and assistant principals and who have responsibilities for supervision of classroom teachers;
 2. All other employees who are required by the position in which employed to be licensed or certified as teachers and who do not hold supervisory authority; and
 3. All employees who are not required by their job descriptions to be a principal, licensed or certified teacher, superintendent or other administrator or, in other words, all support employees who do not have administrative responsibility for making written recommendations concerning the employment status of other employees in the district.
¶ 4 Superintendents are not one of the groups which may negotiate an exception to Section 5-117.5. It is a well established law in Oklahoma that where "the language of the statute is plain and unambiguous and its meaning clear, no occasion exists for this operation of rules of construction and its evident meaning must be accepted." Jackson v. IndependentSchool Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982). Applying this rule of construction to Section 5-117.5(B), the statute prohibits superintendents from receiving greater health insurance benefits or having a greater portion of the benefits paid by the district than is paid for other employees of the district.
 II.
¶ 5 Question two regarding whether a district may pay a greater insurance premium for a superintendent if the superintendent's contract specifies such a benefit, is answered by the same analysis as applied to question one. The plain and unambiguous language in Section 5-117.5(B) states that a school district "is prohibited" from paying greater health insurance premiums for superintendents. The statute does not include any exceptions for a superintendent whose contract specifies such benefit. Title 15 O.S. 1991, § 102[15-102] provides that:
 The object of a contract must be lawful when the contract is made, and possible and ascertainable by the time this contract is to be performed.
 III.
¶ 6 Question three regarding whether school districts can pay disability insurance premiums for a superintendent if the contract does not specify the benefit, is answered by 70O.S.Supp. 1994, § 5-141[70-5-141](B) which states in relevant part:
 Each school district shall file . . . the employment contract of the superintendent of the school district with the State Department of Education. . . . The School district shall not be authorized to pay any salary, benefits or other compensation to a superintendent which are not specified in the contract on file. . . .
(Emphasis added.)
¶ 7 Section 5-141(B) specifically states that a school district"shall not" pay a superintendent any compensation which is not specified in the contract. Thus school districts cannot pay disability insurance premiums for superintendents if the contract does not specify the benefit.
 IV.
¶ 8 Question four asks if the intent of Section 5-141 is to equalize all benefits to full-time employees. The statute discusses four issues: (A) minimum teachers' salary schedule, (B) superintendent employment and benefit issues; (C) preparation of administrator salary and benefit schedules, and (D) definition of administrators. There is no indication that Section 5-141 was intended to equalize all benefits of all school employees nor does Section 5-117.5, which specifically prohibits acquiring additional or supplemental health and dental insurance for superintendents, indicate any particular intent to equalize all employment benefits. Had the Legislature intended to equalize all employment benefits such intention could have been clearly expressed. It is presumed the Legislature said what it meant and meant what it said. Darnell v. Chrysler Corp., 687 P.2d 132,134 (Okla. 1984).
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. In view of 70 O.S.Supp. 1994, § 5-117.5[70-5-117.5] and § 5-141, aschool district that does not participate in the health insuranceplan offered by SEEGIA may not pay greater premiums for thesuperintendent of the school district than the premiums paid forother participating employees.
 2. According to 70 O.S.Supp. 1994, § 5-117.5(B) a schooldistrict is clearly prohibited from paying higher insurancepremiums for the district superintendent regardless of what thesuperintendent's employment contract specifies.
 3. Title 70 O.S.Supp. 1994, § 5-141[70-5-141] requires that a schooldistrict may only pay for disability insurance for thesuperintendent if such benefit is specified in thesuperintendent's employment contract. Thus no benefits (includingdisability insurance premiums) can be paid unless specified bycontract.
 4. Title 70 O.S.Supp. 1994, § 5-141[70-5-141] does not manifest anintention by the Legislature to equalize all benefits amongschool employees.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
L. MICHELLE STEPHENS ASSISTANT ATTORNEY GENERAL