Dear Representative Vaughn,
¶ 0 This office has received your request for an official Opinion addressing, in effect, the following questions:
1. May a school district use the school activity fund, asprovided for in Section 5-129 of Title 70 of the OklahomaStatutes, to deposit and disburse monies raised from studentinitiated fund raising activities conducted for the purpose ofmaking charitable and/or benevolent gifts or contributions toindividuals or organizations?
2. Are the monies deposited in a school activity fund, raisedthrough student initiated fund raising activities, subject to therestrictions in the Oklahoma Constitution prohibiting the use ofpublic funds as gifts or donations to assist individuals orprivate organizations?
3. Does the answer to the first question change based on thesource of the income or revenue which is deposited into theschool activity account or if school facilities, equipment ordistrict personnel are used or involved in the fund raisingactivities and the activities are performed during school hours?
 I. STUDENT FUND RAISING ACTIVITIES
¶ 1 Your first question specifically references student fund raising activities to provide money for the purpose of charitable and/or benevolent gifts. Because the source of funds is critical to the Opinion below the analysis assumes that the type of fund raising is for purposes that are purely charitable or benevolent and not for a public function or purpose. It is also assumed that no tax dollars or other public monies are implicated.
¶ 2 The Legislature has provided that school districts shall exercise control over funds received or collected from student or other extracurricular activities conducted in a school district. Title 70 provides in part:
 The board of education of each school district shall exercise control over all funds on hand or hereafter received or collected, as herein provided, from student or other extracurricular activities conducted in the school district. . . . Disbursements from each of the activity accounts shall be by check countersigned by the school activity fund custodian and shall not be used for any purpose other than that for which the account was originally created. The board of education, at the beginning of each fiscal year and as needed during each fiscal year, shall approve all school activity fund subaccounts, all subaccount fund raising activities and all purposes for which the monies collected in each subaccount can be expended.
70 O.S. Supp. 1996, § 5-129[70-5-129](A) (emphasis added).
¶ 3 The Legislature has also provided a means by which funds may be collected and be exempt from the provisions of 70O.S.Supp. 1996, § 5-129[70-5-129].[1]
¶ 4 Under Section 5-129 the local board of education has sole control over student activity funds. The purpose of the activity funds must be approved and regulated by the board. These regulations include: (1) at the beginning of the fiscal year and as needed during the year, the board shall approve all school activity fund subaccounts, the fund raising activities and the purposes for which the money can be spent; (2) the money shall not be used for any purpose other than that for which the fund was originally created; and (3) the disbursement of funds must be by check countersigned by the activity fund custodian. 70 O.S.Supp. 1996, § 5-129[70-5-129](A).
¶ 5 In construing a statute, the fundamental rule of statutory construction is to ascertain and give effect to the intention and purpose of the Legislature by considering the language of the statute as a whole in light of its general purpose. PublicService Company of Oklahoma v. Oklahoma Corporation Commission,842 P.2d 750, 752 (Okla. 1992). It is presumed that the Legislature, in the statute, said what it meant and meant what it said. Darnell v. Chrysler Corporation, 687 P.2d 132, 134 (Okla. 1984). The clear legislative intent of this provision is to vest control over student activity funds in the board of education of each school district and to provide procedures for the disbursement of such funds. Section 5-129 is plain and no exercise of statutory construction is required to construe its provisions.
¶ 6 If a board of education, at the beginning of the fiscal year or as needed during the fiscal year, approves a student activity fund subaccount with one of its purposes being to fund charitable and/or benevolent gifts or contributions, such payment is allowed pursuant to 70 O.S. Supp. 1996, § 5-129[70-5-129]. Section 5-129 allows expenditure for any lawful purpose approved by a board of education.
 II. CONSTITUTIONAL PROHIBITIONS
¶ 7 Your second question is whether monies deposited in a school activity fund, raised through student initiated fund raising activities, are public funds subject to the restrictions in the Oklahoma Constitution prohibiting use of public funds as gifts or donations to assist individuals or private organizations.
¶ 8 This question raises concerns under Sections 14 and 15 of Article X of the Oklahoma Constitution. Section 14 provides in pertinent part:
 Taxes shall be levied and collected by general laws, and for public purposes only[.]
¶ 9 Article X, § 15 provides in pertinent part:
 [T]he credit of the State shall not be given . . . to any individual . . . nor shall the State become an owner or stockholder in, nor make donation by gift . . . to any company, association, or corporation.
¶ 10 The underlying philosophy enunciated in the above-quoted provisions is that public money will be expended only for public purposes. Attorney General Opinion 87-38 stated that it is unlawful to use funds generated by taxes to fund an awards program for individuals unless the Legislature specifically declares such an expenditure a "public purpose" and appropriates public monies to accomplish the purpose.[2] The above-quoted Constitutional provisions make it clear that public funds may not be used to make charitable and/or benevolent gifts to individuals or organizations. This is not to say, however, that all monies controlled by a board of education are public funds and therefore subject to the constitutional limitations.
¶ 11 In Application of State of Oklahoma ex rel. Department ofTransportation, 646 P.2d 605 (Okla. 1982) the Attorney General contended that federal and private funds, when accepted by the Department of Transportation and deposited in the State Treasury became State funds subject to the proscriptions of Article X, §15 of the Oklahoma Constitution. The Oklahoma Supreme Court rejected this view and held that "[f]ederal money deposited in the state treasury pursuant to some grant-in-aid program is heldin trust for a specific purpose." Id. at 609 (emphasis added). The Court went on to say, "[l]ike other custodial funds, it retains its original legal character." Id. The Court further stated:
 Once accepted by the state, federal funds stand burdened with a trust which follows them from the moment of the deposit. Private funds, when accepted by and paid into the state treasury for the purpose of matching federal funds, become similarly burdened with the very same trust terms.
Id. at 610.
¶ 12 The Oklahoma Statutes, at 70 O.S. Supp. 1996, § 5-129[70-5-129],
grant control to boards of education over funds received or collected from student or other extracurricular activities conducted in the school district. It does not mandate that these funds are "public funds" and therefore subject to the relevant constitutional limitations. The legislative intent of Section 5-129 is to provide for control of these activity funds by boards of education. In contrast, however, there is no apparent intent to make these monies public funds and therefore subject to the restrictive provisions of Article X, §§ 14 and 15 of the Oklahoma Constitution. The monies provided by the activities described in Section 5-129 are more in the nature of trust funds as described in the Department of Transportation case. As trust funds, Section 5-129 monies retain their original character as private funds and are not subject to the provisions of Article X, §§ 14
and 15 of the Oklahoma Constitution.
 III. USE OF PUBLIC FUNDS/FACILITIES
¶ 13 Your third question changes the underlying factual scenario to one in which the income or revenue deposited into the activity fund is from other than charitable or benevolent fund raising activities. Public monies may not be spent in violation of Article X, §§ 14 and 15 of the Oklahoma Constitution. A school district is prohibited from using public monies in the school activity account for the purpose of making charitable and/or benevolent gifts or contributions to individuals or organizations.
¶ 14 Your third question also addresses use of school district equipment and/or personnel in fund raising activities and inquires as to such activities performed during school hours. Using public facilities and/or personnel to benefit a private individual or organization could, in certain circumstances, violate the Oklahoma Constitution. This is true because such personnel and facilities are supported with public funds. In the absence of specific facts, however, it is impossible to state, as a matter of law, that any particular activities are unlawful.
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. A school district may use the school activity fund, asprovided for in Section 5-129 of Title 70 of the OklahomaStatutes, to deposit and disperse monies raised from studentinitiated fund raising activities which are collected for thepurpose of making charitable and/or benevolent gifts orcontributions to individuals or organizations provided that (1)at the beginning of the fiscal year or as needed during thefiscal year, the board of education approves the school activityfund subaccount, the fund raising activity, and the purpose forwhich the money will be spent; (2) the money is not to be usedfor any purpose other than that for which the fund was originallycreated; and (3) the distribution of funds is by checkcountersigned by the activity fund custodian.
2. Monies deposited in a school activity fund raised throughstudent initiated charitable or benevolent fund raisingactivities are not public funds. As nonpublic funds therestrictions contained in Article X, §§ 14 and 15 of the OklahomaConstitution are not applicable to monies deposited in a schoolactivity fund which are raised through student initiatedcharitable or benevolent fund raising activities.
3. Using tax or other public funds to make charitable orbenevolent gifts or contributions to individuals or using publicfacilities and/or personnel to benefit a private individual ororganization is prohibited by Article X, §§ 14 and 15 of theOklahoma Constitution. In the absence of specific facts it is notpossible to state as a matter of law that any particular activityis unlawful.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] Title 70 O.S. Supp. 1996, § 5-129.1[70-5-129.1] provides:
 Those funds which are collected by programs for student achievement and by parent-teacher associations and organizations that are sanctioned by the school district board of education shall be exempt from the provisions as outlined in Section 5-129 of this title. Each school district board of education shall adopt policies providing guidelines for the sanctioning of organizations and associations exempted or applying to be exempted pursuant to the provisions of this section. The guidelines may include but not be limited to examinations of financial and performance audits performed on each such organization and association.
Section 5-129 allows expenditure for any purpose approved by a board of education while Section 5-129.1 now provides for exemption of approved organizations. Pursuant to Section 5-129.1 an organization granted an exemption by a school district's board of education would not be required to maintain an activity subaccount.
[2] Opinion 87-38 was reaffirmed in Opinion 95-33. Opinion 95-33 cites 70 O.S. Supp. 1994, § 5-129[70-5-129] as an avenue to provide for student activity awards (ribbons, plaques and trophies) for students participating in county fairs.