Dear Executive Coordinator Atwood,
¶ 0 This office has received your request for an Attorney General Opinion addressing the following question:
Does the District Attorneys Council have the authority,pursuant to 19 O.S. 1991, § 215.35B[19-215.35B] and Supp. 1997, § 215.30,to require a district attorney to have sufficient funds tosatisfy the district attorney's payroll request before theCouncil will submit the request to the Office of State Finance?
¶ 1 Article X, § 23 of the Oklahoma Constitution requires that the State and its departments, commissions, institutions and agencies operate on a cash basis. If the department, commission, institution or agency operates on revenues allocated by State revenue-raising laws, it cannot incur obligations in excess of its unencumbered balance of cash on hand.
¶ 2 The Oklahoma Budget Law of 1947, 62 O.S. 1991 and Supp.1997, §§ 41.1 to 41.47, provides the procedures by which allotments and appropriations are made. Section 41.21 provides:
 After claims or payrolls or both have been properly audited and recorded against the respective contracts, purchase orders, other commitments and appropriation allotment accounts, the Division of Central Accounting and Reporting shall certify such claims or payrolls to the State Treasurer for payment. It shall be the responsibility of the Division of Central Accounting and Reporting to determine:
 a. that all material legal requirements concerning the expenditure of monies involved in each claim or payroll have been complied with, and
 b. that funds have been properly and legally allotted for the payment of the claim or payroll and that a sufficient balance exists for the payment of same.
62 O.S. Supp. 1997, § 41.21[62-41.21](A)(2) (emphasis added).
¶ 3 Both the Oklahoma Constitution and the Budget Law of 1947 mandate that an agency payroll can only be paid if sufficient cash is available. There is no provision for partial payment.
¶ 4 You have requested that this office review the authority of the District Attorneys Council regarding payroll claims submitted by district attorneys. The District Attorneys Council ("the DAC") is created at 19 O.S. 1991, § 215.28[19-215.28]. One of the DAC's duties is administration of payroll, specifically:
 The District Attorneys Council, which may hereinafter be referred to as the "Council", a special division of the Attorney General's Office, is hereby designated as the state agency for the administration and disbursement of all salaries and expenses of the offices of district attorneys authorized by law. All such payrolls and claims against State Treasury funds must be approved by the Council prior to submission to the Office of State Finance for payment.
19 O.S. Supp. 1997, § 215.30[19-215.30](D) (emphasis added).
¶ 5 In addition to Section 215.30, Section 215.35B provides for administration of payroll by the DAC:
 All personnel employed by a district attorney, regardless of funding source, shall be carried on the payroll administered by the District Attorneys Council. It shall be the duty of the Council to prepare and process payroll and other claims and do all necessary acts connected with receiving funds for such purposes.
19 O.S. 1991, § 215.35B[19-215.35B] (emphasis added).
¶ 6 In construing a statute, the fundamental rule of statutory construction is to ascertain and give effect to the intention and purpose of the Legislature by considering the language of the statute as a whole in light of its general purpose. PublicService Company of Oklahoma v. Oklahoma Corporation Commission,842 P.2d 750, 752 (Okla. 1992). It is presumed that the Legislature, in a statute, said what it meant and meant what it said. Darnell v. Chrysler Corporation, 687 P.2d 132, 134 (Okla. 1984). The clear legislative intent of Sections 215.30 and 215.35B of Title 19 is to place the administration of district attorney payrolls under the authority and supervision of the District Attorneys Council. In fact, all district attorney personnel are on the payroll of the DAC. As part of its administration of the payrolls, including approval of claims against State Treasury funds, the DAC clearly has the authority to require an individual district attorney to have sufficient monies on deposit to satisfy the payroll request of that district attorney. Were this not true the DAC would be forced to submit a payroll request to the Office of State Finance for which the Office of State Finance, pursuant to the Oklahoma Constitution and 62 O.S. 1991, § 41.21[62-41.21], would lack the authority to authorize payment. Also, Sections 215.30(D) and 215.35B of Title 19 would each be a nullity because DAC would only pass through the payroll claims of district attorneys without the required oversight.
¶ 7 It is, therefore, the Opinion of the Attorney Generalthat:
 Pursuant to the authority granted at 19 O.S. 1991, §215.35B[19-215.35B] and Supp. 1997, § 215.30, the District AttorneysCouncil may mandate that a district attorney must have sufficientpayroll funds in his or her account prior to submission by theCouncil of the district attorney's payroll request to the Officeof State Finance.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL