Dear Senator Hobson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does 22 O.S. Supp. 2004, § 979aor any other provision of law authorize a Community Sentencing Local Planning Council[1] to reimburse a county sheriff's office from state funds at a contracted rate for community sentence inmates who receive jail time as a sanction, when that contracted rate exceeds the amount of compensation established in 22 O.S. 2001, § 988.20[22-988.20] and 57 O.S. 2001, § 38.1[57-38.1]?
 2. May a Community Sentencing Local Planning Council reimburse a county sheriff's office for the care of inmates at the rate of $24 per inmate per day, and pay an additional per inmate administrative fee out of state funds to the county sheriff's office?
 I.
¶ 1 To answer your questions it is necessary to review the provisions of 22 O.S. Supp. 2004, § 979a[22-979a],[2] 22 O.S.2001, § 988.20[22-988.20] and 57 O.S. 2001, § 38.1[57-38.1]. Section 38.1 specifically provides for reimbursement for disciplinary incarceration under the local community sentencing system. This statute states:
 In jurisdictions where the local community sentencing system is receiving state funds, the state shall provide funding for county jail incarceration for disciplinary sanctions for eligible felony offenders pursuant to the provisions of the Oklahoma Community Sentencing Act at a rate of Twenty-four Dollars ($24.00) per day per person imprisoned for a maximum term as provided by law.
Id. (footnote omitted).
¶ 2 Further, 22 O.S. 2001, § 988.20[22-988.20], is part of the Oklahoma Community Sentencing Act, 22 O.S. 2001 Supp. 2004, §§988.1-988.24, relating to the imposition of disciplinary sanctions. Section 988.20 provides:
 A. Upon proper motion to the court to modify a community sentence as provided in Section 988.19 of this title, the judge shall have authority to impose disciplinary sanctions or incentives. An order for a disciplinary sanction shall not modify the terms of the original sentence and shall be imposed only to gain compliance with the terms of the court-ordered community punishment. The court may order any community punishment available and funded in the jurisdiction that is deemed appropriate by the judge for the circumstance including, but not limited to, a term of imprisonment not to exceed thirty (30) days per disciplinary order in either:
1. The county jail;
2. A residential treatment facility;
3. A restrictive housing facility; or
4. A halfway house.
 When the offender is to be confined, the sheriff shall, upon order of the court, deliver the offender to the designated place of confinement, provided the place of confinement has an agreement for confinement services with the local community sentencing system or is the county jail. The sheriff shall be reimbursed by the local community sentencing system for transporting offenders pursuant to this subsection. The offender shall be given day-for-day credit for any terms of incarceration served in the county jail or other restrictive facility when the sentence is modified.
 B. The court may, through a standing court order, provide for specific disciplinary sanctions and incentives which may be utilized by the local administrator upon notification to the court.
 C. When a motion for modification has been filed pursuant to Section 988.19 of this title, the court shall have authority to offer incentives to offenders to encourage proper conduct in the community and for compliance with the community punishments. The court shall use its discretion in ordering appropriate incentives. Incentives shall be considered a reduction and modification to the community punishment and may be ordered after the motion to modify has been heard.
 D. When any offender is disciplined by the court as authorized by this section and is to be imprisoned in the county jail or other restrictive facility, the sheriff or facility administrator shall receive compensation as provided by their agreement with the local community sentencing system, or the sheriff or facility administrator shall be paid directly for the services by the offender when ordered to pay for the confinement as part of the disciplinary sanction. In no event shall any compensation for disciplinary confinement exceed the maximum amount provided for county jail confinement in Section 38.1 of Title 57 of the Oklahoma Statutes.
 E. The Department of Corrections is prohibited from accepting offenders into any state penitentiary for disciplinary sanctions.
Id. (emphasis added).
¶ 3 Title 22 O.S. Supp. 2004, § 979a[22-979a] is a statute wherein the court may require a person incarcerated in a city or county jail to pay the costs of the incarceration. This statute, in pertinent part, provides:
 C. Costs of incarceration shall be a debt of the inmate owed to the municipality, county, or other public entity responsible for the operation of the jail and may be collected as provided by law for collection of any other civil debt or criminal penalty. Jail fees shall not exceed Three Thousand Dollars ($3,000.00).
Id. However, this statute has no provision that allows a Community Sentencing Local Planning Council to reimburse a county sheriff's office for community sentenced inmates incarcerated in county jail facilities.
¶ 4 Therefore, 22 O.S. 2001, § 988.20[22-988.20] specifically provides for compensation for disciplinary confinement, but said compensation cannot exceed the maximum amount provided for county jail confinement pursuant to 57 O.S. 2001, § 38.1[57-38.1], which is a rate of $24.00 per day per person.
 II.
¶ 5 With regard to your second question, both 22 O.S. 2001, §988.20[22-988.20]
and 57 O.S. 2001, § 38.1[57-38.1] are helpful. As stated above in Section 988.20(D), "[i]n no event shall any compensation for disciplinary confinement exceed the maximum amount provided for county jail confinement in Section 38.1 of Title 57 of the Oklahoma Statutes," which provides a rate of twenty-four dollars.See 57 O.S. 2001, § 38.1[57-38.1]. Had the Legislature intended to allow a Community Sentencing Local Planning Council to pay an additional administrative fee out of state funds to a county sheriff for the incarceration of community sentenced offenders, it would have so provided in the statute. It is presumed that the "Legislature expressed its intent in a statute and that it intended what it expressed." Darnell v. Chrysler Corp.,687 P.2d 132, 134 (Okla. 1984) (citation omitted). The Legislature not only excluded statutory language to pay an administrative fee, but it specifically limited "any compensation" to the maximum amount set forth in Section 38.1.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A Community Sentencing Local Planning Council is not authorized to compensate a county sheriff's office from state funds for community sentence inmates who receive jail time as a sanction when said compensation exceeds the amount of compensation established in 22 O.S. 2001, § 988.20(D) and 57 O.S. 2001, § 38.1[57-38.1] which currently is twenty-four ($24.00) dollars per day.
 2. A Community Sentencing Local Planning Council may not pay a per-inmate administrative fee in addition to the compensation a Council pays for the care of inmates who receive jail time as a sanction if said fee exceeds the amount of compensation established in 22 O.S. 2001, § 988.20(D) and 57 O.S. 2001, § 38.1[57-38.1].
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 STEVEN K. SNYDER Assistant Attorney General
[1] For purposes of this Opinion, Community Sentencing Local Planning Council means:
A. For purposes of the Oklahoma Community Sentencing Act:
4. "Community sentencing system planning council" or "planning council" means a group of citizens and elected officials specified by law or appointed by the Chief Judge of the Judicial District which plans the local community sentencing system and with the assistance of the Community Sentencing Division of the Department of Corrections locates treatment providers and resources to support the local community sentencing system[.]
22 O.S. Supp. 2004, § 988.2[22-988.2]; see 22 O.S. 2001, § 988.5[22-988.5].
[2] Title 22 O.S. Supp. 2004, § 979a[22-979a] was amended in the First Regular Session of the Fiftieth Legislature with an effective date of November 1, 2005. See 2005 Okla. Sess. Laws ch. 111, § 2.