OSCN Found Document:Questions Submitted by : The Honorable Julie Daniels, Oklahoma Senate, District 29

 

 
 Questions Submitted by : The Honorable Julie Daniels, Oklahoma Senate, District 29
2025 OK AG 20
Decided: 12/18/2025
ATTORNEY GENERAL OPINIONS
Cite as: 2025 OK AG 20, __ P.3d __

 
¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:

1. Does title 37A, section 2-146(B) of the Oklahoma Statutes--which provides that a wine-and-spirits wholesaler under common ownership with a beer wholesaler is not subject to the limitations on business type that would otherwise apply to the wine-and-spirits wholesaler in the absence of such common ownership--conflict with limitations set forth in article 28A, section 4 of the Oklahoma Constitution?

2. May the Oklahoma Alcoholic Beverage Laws Enforcement Commission ("ABLE Commission") deny a license application that complies with all statutory requirements based on the agency's belief that the Oklahoma statute providing such requirements is unconstitutional?

I.

SUMMARY

¶1 Earlier this year, the Legislature amended the Oklahoma Alcoholic Beverage Control Act, 37A O.S.2021 & Supp.2025, §§ 1-101--8-101, to provide that corporations, limited liability companies, and similar business entities that hold a beer wholesaler license are also eligible to hold a wine-and-spirits wholesaler license. See Senate Bill 1031, 2025 Okla. Sess. Laws ch. 422, § 1. At its core, your first question asks whether the new legislation violates the Oklahoma Constitution. The answer is no.

¶2 Under article XXVIII-A, section 4 of the Oklahoma Constitution, only a sole proprietor or partnership may be issued a wine-and-spirits wholesaler license. But the limitation is not absolute: section 4(B) expressly authorizes certain exceptions by reference to provisions found later in section 4. Relevant to your question, section 4(D) categorically exempts beer wholesalers from any restrictions on entity ownership. Harmonizing the two subsections, a wine-and-spirits wholesaler licensee that shares common ownership with a beer wholesaler is entitled to the benefit of section 4(D)--meaning that the common owner of both wholesalers may be a corporation, limited liability company, or similar business entity.

¶3 Next, Oklahoma caselaw definitively answers your second question. As an administrative agency, the ABLE Commission lacks authority to adjudicate the constitutionality of legislation and therefore may not decline to issue a wholesaler license because of its own view of the constitutionality of licensing statutes.

II.

BACKGROUND

¶4 Oklahoma repealed alcohol prohibition in 1959, when the state's voters amended the Oklahoma Constitution to approve alcohol sales. See Action Wholesale Liquors v. Okla. Alcoholic Beverage Laws Enf't Comm'n, 463 F. SupP.2d 1294, 1297 (W.D. Okla. 2006); State ex rel. Hart v. Parham, 1966 OK 9412 P.2d 142See Inst. for Responsible Alcohol Pol'y v. State ex rel. Alcoholic Beverage Laws Enf't Comm'n, 2020 OK 5457 P.3d 1050Ledbetter v. Okla. Alcoholic Beverage Laws Enf't Comm'n, 1988 OK 117764 P.2d 172

¶5 The 1984 constitutional amendments also created "Oklahoma's three-tier system for alcohol distribution," under which "alcohol manufacturers (first tier) can only sell to licensed Oklahoma wholesalers (second tier); licensed Oklahoma wholesalers (second tier) can only sell to licensed retailers (third tier); and licensed retailers (third tier) can only sell to consumers." Inst. for Responsible Alcohol Pol'y, 2020 OK 5Action Wholesale Liquors, 463 F. SupP.2d at 1297, and which "must . . . obtain licenses through the state." Retail Liquor Assoc. of Okla. v. Okla. Alcoholic Beverage Laws Enf't Comm'n, 276 F. SupP.3d 1230, 1233 (W.D. Okla. 2017).

¶6 Additional major changes to alcohol regulation came in 2016, when "the Oklahoma Legislature passed a joint resolution to place State Question 792 on the November 2016 ballot." Inst. for Responsible Alcohol Pol'y, 2020 OK 5Id. ¶ 4, 457 P.3d at 1053. While the ABLE Commission remains, "State Question 792 repealed Article 28 of the Oklahoma Constitution, replacing it with Article 28A and fundamentally changed how Oklahoma regulates the sale and distribution of alcohol." Id. "The Legislature also passed companion legislation in Title 37A of the Oklahoma Statutes to create Oklahoma's new alcohol regulatory scheme." Id.

¶7 Relevant here, section 4 of Article XXVIII-A limits who may obtain retail spirits licenses, wine-and-spirits wholesaler licenses, and beer wholesaler licenses. The companion legislation enacted in title 37A, section 2-146 of the Oklahoma Statutes enumerates the grounds upon which the ABLE Commission shall grant or deny those licenses. As previously stated, the Legislature amended section 2-146 during the 2025 session to add a new subsection with the following language: "A beer distributor licensee and wine and spirits wholesaler licensee under common ownership shall not be limited in the types of business entities which may obtain a wine and spirits wholesaler license." 37A O.S.Supp.2025, § 2-146Id.

III.

DISCUSSION

¶8 A. Article XXVIII-A, section 4 of the Oklahoma Constitution does not restrict the types of business entities that may obtain a wine-and-spirits wholesaler license when sharing common ownership with an exempt beer wholesaler.

¶9 Your first question concerns the interpretation of the state constitution. Article XXVIII-A, section 4 of the Oklahoma Constitution limits who may obtain various licenses to sell alcohol. It contains five subsections. Relevant to your question, section 4(B) sets out two limitations on who may obtain a wine-and-spirits wholesaler license. First, a license "shall only be issued to a sole proprietor who has been a resident of this state for at least five (5) years immediately preceding the date of application for such license, or a partnership in which all the partners have satisfied the same residency requirement." OKLA. CONST. art. XXVIII-A, § 4(B). Second, a license "shall not be issued to a corporation, limited liability company or similar business entity." Id. Each of these two limitations is subject to the caveat: "except as otherwise provided in this section." Id. That is, the residency and entity-type limitations for a wine-and-spirits wholesaler license do not apply where otherwise stated in section 4.

¶10 Both sections 4(C) and (D), in turn, provide exceptions to the broad limitations of section 4(B). For its part, subsection 4(C) allows a wine-and-spirits wholesaler licensee--i.e., one "specified in subsection B of this section"--to "enter into an agreement with a corporation, limited liability company or similar business entity that would otherwise be prohibited from obtaining a license in this state under this section," so long as certain conditions are met. OKLA. CONST. art. XXVIII-A, § 4(C). Pertinent to your inquiry, section 4(D) provides that the limitations contained in section 4(B) do not apply to beer wholesalers. It states in full: "The provisions of subsection B of this section shall not apply to beer wholesalers. A wholesaler of beer shall not be subject to any residency requirements and shall not be limited in the types of entities which may own such wholesalers." Id. § 4(D).

¶11 When viewed together, the meaning of sections 4(B) and (D) is clear. Section 4(B) imposes restrictions on who may obtain a wine-and-spirits wholesaler license. It says nothing of any other license in the alcohol industry. Section 4(D), meanwhile, provides that the restrictions of section 4(B) "shall not apply to beer wholesalers." But under the plain terms of section 4(B), those restrictions apply only to wine-and-spirits wholesalers--and no other purveyors of alcohol--in the first place. Given that, it is reasonable to conclude that section 4(D) applies to beer wholesalers who wish to also obtain a wine-and-spirits wholesaler license. Otherwise, the prefatory sentence of section 4(D) would serve no textual purpose. "[C]ourts avoid a reading that renders some words altogether redundant." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 176 (2012); see also Darnell v. Chrysler Corp., 1984 OK 57687 P.2d 132

¶12 Based on this conclusion, the 2025 legislation amending title 37A, section 2-146(B) does not violate the constitutional limitations found in article XXVIII-A, section 4. This is consistent with the rule that "[w]henever possible, statutes should be construed so as to uphold their constitutionality." Reherman v. Okla. Water Res. Bd., 1984 OK 12679 P.2d 1296Id. ¶ 12, 679 P.2d at 1300. Additionally, any "[r]estrictions and limitations upon legislative power are to be construed strictly." Draper v. State, 1980 OK 117621 P.2d 1142Hill v. Am. Med. Response, 2018 OK 57423 P.3d 1119

¶13 Other provisions within title 37A of the Oklahoma Statutes likewise lend support to this interpretation. See Cowart v. Piper Aircraft Corp., 1983 OK 66665 P.2d 315See 2016 Okla. Sess. Laws ch. 366, § 58. And section 2-108--pertaining to beer distributor licenses--similarly provides that "if the beer distributor transports wine and spirits, a valid wine and spirits wholesaler license must be maintained by the beer distributor or affiliated entity having common ownership with the licensed beer distributor." 37A O.S.2021, § 2-108

¶14 As explained above, Oklahoma courts "will uphold a duly enacted statute unless it is 'clearly, palpably and plainly' inconsistent with the Constitution." Inst. for Responsible Alcohol Pol'y, 2020 OK 5Lafalier v. Lead-Impacted Cmtys. Relocation Assistance Tr., 2010 OK 48237 P.3d 181Liddell v. Heavner, 2008 OK 6180 P.3d 1191see also Lee v. Bueno, 2016 OK 97381 P.3d 736

¶15 B. The ABLE Commission may not deny a license application based on the agency's belief that the Oklahoma statute providing such requirements is unconstitutional.

¶16 Next, you ask whether the ABLE Commission may deny a license application that complies with all statutory requirements, solely based on the agency's belief that the Oklahoma statute providing such requirements is unconstitutional. Under title 37A of the Oklahoma Statutes, the ABLE Commission has "the sole authority to issue any license" relating to the distribution of alcoholic beverages for the purpose of sale. 37A O.S.2021, § 1-107see also 2018 OK AG 637A O.S.2021, § 2-146Id. § 1-107(A)(4).

¶17 The ABLE Commission "is an administrative body." OKLA. ADMIN. CODE § 45:1-3-1. "[A]s an administrative agency, it is powerless to strike down a statute for constitutional repugnancy." Dow Jones & Co. v. State ex rel. Okla. Tax Comm'n, 1990 OK 6787 P.2d 843Id.; see also id. ¶ 6 n.9, 787 P.2d at 845 n.9 ("[W]e do not commit to administrative agencies the power to determine constitutionality of legislation." (quotation omitted)). "Every statute is . . . presumed constitutionally valid until a court of competent jurisdiction"--not the ABLE Commission or any other administrative body--"has declared otherwise." Strelecki v. Okla. Tax Comm'n, 1993 OK 122872 P.2d 910see also State ex rel. York v. Turpen, 1984 OK 26681 P.2d 763

¶18 It is, therefore, the official Opinion of the Attorney General that:

1. Article XXVIII-A, section 4 of the Oklahoma Constitution provides that the restrictions on the types of business entities that may hold a wine-and-spirits wholesaler license do not apply to beer wholesalers. This exemption for beer wholesalers includes those that also hold a wine-and-spirits wholesaler license. Accordingly, title 37A, section 2-146(B) of the Oklahoma Statutes--which provides that a wine-and-spirits wholesaler under common ownership with a beer wholesaler is not subject to the limitations on business type that would otherwise apply to the wine-and-spirits wholesaler in the absence of such common ownership--is constitutionally permissible.

2. Because the ABLE Commission lacks authority to adjudicate the constitutionality of legislation, it may not deny a license application that satisfies all applicable statutory requirements due solely to the agency's view that certain licensing statutes violate the Oklahoma Constitution.

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA

CULLEN D. SWEENEY
ASSISTANT SOLICITOR GENERAL

FOOTNOTES

[1] Both this office and Oklahoma courts have recounted in detail the state's lengthy history of regulating the sale of alcohol. See, e.g., Inst. for Responsible Alcohol Pol'y v. State ex rel. Alcoholic Beverage Laws Enf't Comm'n, 2020 OK 5457 P.3d 10502019 OK AG 13

In re Initiative Petition No. 348, 1991 OK 110820 P.2d 772see also Assoc. Indus. of Okla. v. Okla. Tax Comm'n, 1936 OK 15655 P.2d 79